## No. 24765

**Joe Robles, a/k/a Joe Gabrial Robles v.
The People of the State of Colorado**
(496 P.2d 1003)

Decided April 24, 1972.                    Rehearing denied May 30, 1972.

182

Epstein, Lozow and Preblud, Arlan I. Preblud, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard G. McManus, Jr., Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The plaintiff in error, Joe Gabrial Robles, was convicted of the crime of aggravated robbery. We affirm his conviction.

The charges against Robles were made in a grand jury indictment. The primary ground which Robles presents for reversal is that he was denied the right to examine grand jury testimony that furnished the basis for his indictment. He alleges that the production of the grand jury testimony might have provided a basis for his counsel to impeach certain witnesses or to refresh their recollection or to otherwise test their credibility. *Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *Melton v. United States,* 398 F.2d 321 (10th Cir. 1968); *Cargill v. United States,* 381 F.2d 849 (10th Cir. 1967); *Worthy v. United States,* 383 F.2d 524 (D.C. Cir. 1967). *See also, United States v. Youngblood,* 379 F.2d 365 (2d Cir. 1967), which sets forth a more comprehensive basis for obtaining grand jury testimony.

At the time of Robles' trial, which was prior to April 1, 1970, discovery was governed by Colo. R. Crim. P. 16. Under Colo. R. Crim. P. 16(b), defense counsel was provided with access to a witness's out-of-court statements immediately after the witness testified on direct examination. Colo. R. Crim. P. 16(d) set forth the parameters of a statement and grand jury testimony of witnesses was not included.

In effect, Colo. R. Crim. P. 16(d) made available to an

accused before the Colorado courts the same guarantees afforded to a defendant in the Federal courts under the Jencks Act and *Jencks* decision. 18 U.S.C. 3500; *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957); Fed. R. Crim. P. 16 (1941). Prior to the amendment of the Federal Rules of Criminal Procedure in 1966, the Supreme Court of the United States refused to allow the discovery rules and the Jencks procedures to be utilized as a means to obtain grand jury testimony. *Pittsburg Plate Glass Co. v. United States*, 360 U.S. 395, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959); *Bowman Dairy Co. v. United States*, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951).

After the Federal Rules of Criminal Procedure were amended, the grand jury testimony of a party was available under Fed. R. Crim. P. 16. Similarly, Crim. P. 16(a) (3) now permits discovery of grand jury testimony by a party. Access to the grand jury testimony of a witness in the Federal courts became almost automatic under the "particularized need" requirement of Fed. R. Crim. P. 6(e). *See, e.g., Dennis v. United States, supra; Melton v. United States, supra; Cargill v. United States, supra.* However, the Colorado Rules of Criminal Procedure never have included a counterpart to Fed. R. Crim. P. 6(e). Consequently, production of a witness' grand jury testimony in accordance with the Federal cases was not mandated. *See Annot.*, 20 A.L.R.3d 7 (1968).

█ Nevertheless, because of our determination that enlightened discovery is consonant with a fair trial and promotes the administration of justice, we recently granted access to witnesses' grand jury testimony. *Parlapiano v. District Court*, 176 Colo. 521, 491 P.2d 965 (1971). However, in granting access to grand jury minutes and the transcript of the testimony taken before a grand jury, we granted only prospective application to the rule. Accordingly, the failure of the trial judge to grant the plaintiff in error and his counsel the right to examine the grand jury testimony was not reversible error.

We have reviewed the remaining errors which are set forth as grounds for reversal and have found them to be without

184

merit. Accordingly, we affirm.

MR. CHIEF JUSTICE PRINGLE not participating.