The People of the State of Colorado, by and through their duly elected and appointed Representatives, Stuart A. Van Meveren, District Attorney, and Loren B. Schall, Assistant District Attorney, Eighth Judicial District, State of Colorado v. The District Court in and for the County of Larimer, State of Colorado, and the Honorable Conrad L. Ball, one of the Judges thereof

No. 26644

Frank Otto Bellmann v. The District Court in and for the County of Arapahoe in the Eighteenth Judicial District and the Honorable Richard D. Greene, Judge thereof

(531 P.2d 626)

Decided February 3, 1975.

Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, for petitioners in No. 26590.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Edwin L. Felter, Jr., Deputy, Douglas D. Piersel, Deputy, for respondents in No. 26590.

Tague, Goss, Schilken & Been, P.C., P. Arthur Tague, for petitioner in No. 26644.

Robert R. Gallagher, Jr., District Attorney, James F. Macrum, Jr., Chief Deputy, Ethan D. Feldman, Deputy, for respondents in No. 26644.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

These original proceedings require that we determine whether Crim. P. 16 II (b) and (c), which provide the prosecution with discovery rights in a criminal case, can withstand constitutional attack. The issue is framed in two separate cases which reflect different interpretations and rulings on the constitutionality of our rule. We have consolidated the cases for the purpose of this opinion. Subject to the constitutional limitations which are set forth in this opinion, we hold that Crim. P. 16 II (b) and (c) provide a constitutional means for the prosecution to obtain discovery from a defendant or his counsel in a criminal case. We make the rule absolute in both cases. Our remand contains full directions for the respective trial courts.

In *Bellmann v. District Court,* the defendant petitioned this court for relief in the nature of prohibition. He was charged in an information with manslaughter (1971 Perm. Supp., C.R.S. 1963, 40-3-104), vehicular homicide (1971 Perm. Supp., C.R.S. 1963, 40-3-106), three counts of vehicular assault (1971 Perm. Supp., C.R.S. 1963, 40-3-205), driving under the influence of intoxicating beverages (1971 Perm. Supp., C.R.S. 1963, 13-5-30), and two counts of third-degree assault (1971 Perm. Supp., C.R.S. 1963, 40-3-204). Pursuant to Crim. P. 16, the district attorney filed a motion for discovery and endeavored to determine the nature of the defense which the defendant intended to offer at the time of trial, the names and addresses of witnesses which the defendant intended to call in support of his defense, and the reports of the defendant's expert witnesses. The prosecution also sought an order which would impose a continuing duty to dis-

close information which might be acquired at a later time and would fall within the scope of the original request. The trial court granted the district attorney's motion without a hearing. The defendant then petitioned this court for a writ of prohibition to prevent the trial court from enforcing the discovery order. We issued a rule to show cause and now make the rule absolute.

In *People v. District Court,* the defendant Bush was charged in an information with second-degree kidnapping (1971 Perm. Supp., C.R.S. 1963, 40-3-302) and harassment (1971 Perm. Supp., C.R.S. 1963, 40-9-111). Following a finding of probable cause at a preliminary hearing, the trial court heard the district attorney's motion for discovery. The district attorney sought discovery of reports made by the defendant's expert witnesses, the nature of the defense which was going to be offered at the time of trial, together with the names and addresses of all defense witnesses, and copies of the witnesses' written statements. The trial judge denied the motion on the ground that Crim. P. 16 II (b) and (c) were unconstitutional invasions of the defendant's right to remain silent. The district attorney petitioned for a writ of mandamus to compel the trial judge to order discovery in compliance with the Colorado rule. We issued a rule to show cause and now make the rule absolute.

## I.
## The Basis for Discovery in a Criminal Case

Trial by ambush, or the old fox-and-hounds approach to litigation, does not promote accuracy or efficiency in the search for truth. *See Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); *Robles v. People,* 178 Colo. 181, 496 P.2d 1003 (1972); *Parlapiano v. District Court,* 176 Colo. 521, 491 P.2d 965 (1971); *State v. Peterson,* Iowa, 219 N.W.2d 665 (1974); *State ex rel. Keller v. Criminal Court,* Ind. , 317 N.E.2d 443 (1974); 1 Cipes, *Criminal Defense Techniques,* chs. 10 & 11 (Matthew Bender & Co. 1973); Louisell, *Criminal Discovery: Dilemma Real or Apparent?,* 49 Calif. L. Rev. 56 (1961); Strayhorn, *Full Criminal Discovery in Illinois,* 56 Judicature 279 (1973).

In 1966, the Federal Rules of Criminal Procedure were amended to grant broad discovery rights to the defendant and

reciprocal rights of discovery to the prosecution. Fed. R. Crim. P. 16. *See generally* Erickson, *Discovery in Criminal Cases,* in *How to Defend a Criminal Case from Arrest to Verdict* 131 (Lawyer & George eds. 1967).

In *Dennis v. United States,* 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), Justice Brennan recognized that persuasive arguments existed to cause discovery in a criminal case to be akin to that afforded to the parties in a civil action. The Proposed New Amendments to the Federal Rules of Criminal Procedure tend to equate discovery in a criminal case to the discovery rights granted in a civil action, but recognize that constitutional prohibitions protect the defendant's right to remain silent. *See* 42 U.S.L.W. 45, 53-56.

■ Colorado, in adopting liberal discovery procedures, followed the procedures recommended by the American Bar Association in the *ABA Standards Relating to Discovery and Procedure Before Trial. See also National Advisory Commission Standards, Courts* 4.9 Pretrial Discovery; Note, *Criminal Discovery – Comparison of Federal Discovery and the ABA Standards with the New Statutory Provisions in Wisconsin,* 1971 Wis. L. Rev. 614. The cloak of secrecy has been removed from the criminal justice process by the adoption of Crim. P. 16. Crim. P. 16 II (b) and (c) provide:

"(b) Medical and Scientific Reports.

"Subject to constitutional limitations, the trial court may require that the prosecuting attorney be informed of and permitted to inspect and copy or photograph any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons.

"(c) Nature of Defense.

"Subject to constitutional limitations, the trial court may require that the prosecuting attorney be informed of the nature of any defense which defense counsel intends to use at trial and the names and addresses of persons whom defense counsel intends to call as witnesses in support thereof. Upon receipt of the information required by this subsection (c), the prosecuting attorney shall notify defense counsel of any additional witnesses which he in-

tends to call to rebut such defense within a reasonable time before trial after their identity becomes known.''

## II.
## Self-Incrimination

■ If Crim. P. 16 is to pass constitutional muster on the self-incrimination issue, each section of the rule must satisfy the test enunciated by the Supreme Court of the United States in *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). In *Williams,* the Florida notice-of-alibi statute was upheld and found not to be an infringement upon the defendant's right to remain silent, because the discovery which was ordered was limited to those matters which would eventually be revealed at trial. Since only the time of disclosure was in issue in the *Williams* case, the defendant could not raise a successful constitutional argument. Thus, the Supreme Court upheld the constitutionality of a Florida statute which required that the defendant not only give notice of his intention to rely on the alibi defense at trial, but also to divulge the witnesses which the defendant intended to call at the time of trial to support his alibi defense. In reaching the constitutional issue, the Court said:

"Nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the State's case before announcing the nature of his defense, any more than it entitles him to await the jury's verdict on the State's case-in-chief before deciding whether or not to take the stand himself.''

The nature of our adversary system of justice is such that in the course of trial, a defendant voluntarily divulges the information sought at the time of trial, and for that reason alone, it is proper and reasonable to allow the district attorney to have advance access to it. *See Jones v. Superior Court,* 58 Cal.2d 56, 372 P.2d 919, 22 Cal.Rptr. 879 (1962); *People v. Pike,* 71 Cal.2d 595, 455 P.2d 776, 78 Cal.Rptr. 672 (1969); Traynor, *Ground Lost and Found in Criminal Discovery,* 39 N.Y.U. L. Rev. 228 (1964).

■ The constitutional arguments center on the claim that a defendant who is forced by court order to comply with the rule will be compelled to furnish a link in the chain of evidence which

incriminates him and which the prosecution must prove without his assistance. *Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); *Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886). The traditional view is that the privilege against self-incrimination extends only to testimonial or communicative utterances. *United States v. Cohen,* 388 F.2d 464 (9th Cir. 1967). The privilege does not extend to demonstrative evidence obtained from the defendant or from a witness, to performance of acts in or out of court, or to blood tests. *See Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

Thus, the defendant's Fifth Amendment privilege to remain silent is not violated when the accused is compelled to appear before a lineup and to repeat within the hearing of a witness words which were uttered in the commission of a crime. In those instances, the defendant is compelled only to exhibit physical characteristics. *See United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Schmerber v. California, supra.* Similarly, when the defendant is compelled to provide a handwriting exemplar, his Fifth Amendment right against self-incrimination is not contravened, because the exemplar is an identifying physical characteristic, rather than a communication within the privilege. *See Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). *See also United States v. Dionisio,* 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); *Brooks v. Tennessee,* 406 U.S. 605, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972).

Our discovery rule meets the requirements of *Williams v. Florida, supra,* and *Jones v. Superior Court, supra.* The defendant's right to utilize the shield of silence provided by the United States and Colorado Constitutions has not been removed by our discovery rule. *U.S. Const.* amend. V; *Colo. Const.* Art. II, § 18.

III.

Crim. P. 16 II(b)

The claims advanced in these proceedings that subsection (b) is unconstitutional do not rest on the contention that discovery of scientific and medical reports is *per se* violative of constitutional guarantees. Rather, they focus on the apparent breadth and

scope of discovery afforded by the Colorado rule. The defendants maintain that the rule does not limit discovery to reports which the defendants intend to introduce at trial. As defense counsel interpret the rule, all examinations and experiments which have been performed at the defendants' suggestion are discoverable. Our interpretation of the rule recognizes the right of the prosecution to obtain discovery, but denies discovery where the defendant would be forced to relinquish his right against self-incrimination or to disclose information which will not be used at trial.

The construction placed on Crim. P. 16 II(b) by the defendants ignores the introductory phrase to the rule: "Subject to constitutional limitations." Indeed, the commentary to the rule recognizes that limitless prosecutorial discovery may well be unconstitutional. An earlier draft of the rule expressly confined discovery to those reports and examinations which the defendant intended to introduce at the time of trial. The limitative language in the rule was deleted from the Supplementary Draft because the committee felt it simply repeated the protection afforded by the introductory constitutional bar to discovery by the prosecution. *ABA Standards Relating to Discovery and Procedure Before Trial* 3 (Supp.). Read in this light, the rule meets the constitutional standard.

In view of our holding that Crim. P. 16 II(b) is constitutional on its face, we make the rule absolute in both cases, since the court in *Bellmann* ordered discovery without considering the effect of its decision on the constitutional rights of the defendant, and the court in *People v. District Court* held the rule unconstitutional. Additional directions are set forth in the remand order.

IV.
Crim. P. 16 II(c)

The basic attack on subsection (c) is that the discovery afforded the prosecution contravenes the right of the defendant to remain silent and not provide self-incriminatory material to the prosecution. *U.S. Const.* amend. V; *Colo. Const.* Art. II, § 18. However, subsection (c) of Crim. P. 16 II satisfies the requirements of the constitutions. By its direct and uncontradicted terms, the rule permits discovery of defense theories and the names of

supporting witnesses only when the defendant intends to introduce them at trial. Therefore, the timing rationale developed in *Williams v. Florida, supra,* and *Jones v. Superior Court, supra,* sustains the facial constitutionality of the subsection. Our rule is more expansive than the one sanctioned in *Williams,* for it allows discovery of *all* defenses which the defendant intends to use at trial. However, in view of the *Williams* decision, "there is no apparent reason why a general requirement of disclosing the nature of any defense ought not be . . . valid," if disclosure of one defense (alibi) is constitutional. *ABA Standards Relating to Discovery and Procedure Before Trial* 5 (Supp.). *See The Supreme Court, 1969 Term,* 84 Harv. L. Rev. 165 (1970).

 In challenging the constitutionality of subsection (c), the defendants have raised an argument which extends beyond those addressed to subsection (b). The defendants contend that the rule is unconstitutional because it lacks the necessary reciprocity features. We disagree.

In *Wardius v. Oregon,* 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), the Supreme Court held that criminal discovery by the prosecution would be constitutional only when it was reciprocal, and the respective positions of the accuser and the accused thereby balanced, unless the state could show a strong interest in preventing reciprocity. Thus, it struck down the Oregon statute under scrutiny which compelled the defendant to provide the district attorney with notice of an intention to rely on the alibi defense at trial, but which did not command the prosecution to provide, in turn, the names and addresses of rebuttal witnesses.

 The defendants claim that subsection (c) of the Colorado rule does not incorporate the reciprocity aspect and, thus, is unconstitutional. They maintain that the rule expressly exempts the prosecutor's work product from discovery, but does not provide the work product of defense counsel with similar protection. The fear expressed by the defendants is unfounded. First, the presence of such a protective provision does not authorize the court to permit discovery of the work product. The scope of subsection (c) is limited by its terms to the nature of the defenses which the defendant intends to use at trial and the names and addresses of any supporting witnesses who will be called. It does not purport

to extend to the work product. Second, the Fifth Amendment privilege against self-incrimination would protect the defendant from having to disclose information of the kind protected by the prosecutorial work product exemption. *See* Nakell, *Criminal Discovery for the Defense and the Prosecution – The Developing Constitutional Considerations,* 50 N.C. L. Rev. 437 (1972).

 Since Crim. P. 16 II(c) is facially constitutional, we make the rule absolute in both cases. In *Bellmann v. District Court,* the trial court improperly granted the prosecutor's motion without conducting a hearing to gauge the impact on the defendant's Fifth Amendment right of the discovery which was requested. In *People v. District Court,* the court summarily ruled that Crim. P. 16 II(c) was unconstitutional. Under the circumstances, a hearing must be held in the trial court on the discovery issues raised in both cases.

V.

Remand

 Accordingly, both cases are remanded for proceedings consistent with the views expressed in the course of this opinion. The trial court, in ruling on the prosecution's Crim. P. 16 motions which are in issue, must first determine whether discovery which has been objected to will constitute a violation of the defendants' constitutional rights. As articulated by the Supreme Court of California, the request for disclosure may be overbroad and, therefore, invalid if it seeks information which might serve as an unconstitutional link in a chain of evidence tending to establish the accused's guilt of a criminal offense. *Prudhomme v. Superior Court,* 2 Cal.3d 320, 466 P.2d 673, 85 Cal.Rptr. 129 (1970). Second, the trial court, in its discretion, may permit discovery within the limitations of the rule and may order disclosure of those scientific and medical reports and defense theories (together with the names and addresses of supporting witnesses) which the defendant intends to offer at the time of trial. Third, the decision whether to grant discovery should not turn on whether the defendant has first moved for discovery of the prosecution's case, or whether the state's discovery motion has been denied as overbroad. In contrast to the federal rule relating to criminal discovery, the Colorado version is not conditional, but rather

grants independent discovery rights to both the prosecution and the defendant. *Compare* Fed. R. Crim. P. 16 and the dissenting statements to the 1966 Rules of Criminal Procedure set forth by Mr. Justice Black and Mr. Justice Douglas. 86 S.Ct. 232 (Amendments to Rules) (1965).