**Leroy John RICHARDSON, Petitioner,**

v.

**The DISTRICT COURT In and For the EIGHTH JUDICIAL DISTRICT of the State of Colorado, and the Honorable John-David Sullivan, one of the Judges Thereof, Respondents.**

No. 81SA208.

Supreme Court of Colorado, En Banc.

Aug. 17, 1981.

J. Gregory Walta, Colorado State Public Defender, David D. Wymore, Deputy State Public Defender, Thomas J. Herd, Deputy State Public Defender, Fort Collins, for petitioner.

Stuart A. VanMeveren, Dist. Atty., Stephen J. Roy, Deputy Dist. Atty., Fort Collins, for respondents.

QUINN, Justice.

In this original proceeding, the petitioner-defendant, LeRoy John Richardson (defendant), seeks prohibitory relief under C.A.R. 21. He challenges an order of the District Court of Larimer County granting the prosecution's motion for pretrial discovery of the written and recorded statements of non-expert defense witnesses which were made to an investigator of the Public Defender's Office in the course of his pretrial investigation of the case on behalf of the defendant's attorney. We issued a rule to show cause and now make the rule absolute.

The defendant is charged with assault in the second degree, section 18-3-203, C.R.S. 1973 (1978 Repl. Vol. 8), arising out of a confrontation with the alleged victim, Douglas Larson, on a street in Wellington, Colorado, during the evening hours of September 17, 1980. Evidence at the preliminary hearing indicated that Larson had responded to the defendant's challenge to meet near the defendant's residence in order to continue a dispute which had earlier arisen between the defendant and the victim's son. As Larson approached the defendant on the street, the defendant struck him with a chain and, at that point, other youths emerged from hiding and a general melee followed. Police officers responded to the scene and interviewed several witnesses. The defendant was later arrested and charged by direct information on September 20, 1980.

A public defender was appointed to represent the defendant on September 23, 1980. This attorney requested his investigator to interview several witnesses and suggested areas of inquiry and questions to be asked. The investigator obtained written and recorded statements from the witnesses. Pursuant to Crim.P. 16 II(b) and (c), the district attorney filed a motion for discovery requesting the reports and statements of expert witnesses, the nature of any defense which the defendant intends to use at trial, and the "names and addresses of persons whom defense counsel intends to

call as witnesses at trial, together with the relevant written or recorded statements." The public defender had no objection to furnishing the reports or statements of experts, the nature of any defenses intended to be raised at trial, and the names and addresses of any witnesses in support of such defenses. However, the public defender did challenge the prosecution's request for statements of non-expert witnesses on the grounds that such prosecutorial discovery was not authorized by Crim.P. 16 II, that it would violate the defendant's privilege against self-incrimination, *U.S.Const.* Amend. V, *Colo.Const.* Art. II, Sec. 18, and that it would intrude upon the attorney's work product.

The trial court granted the motion for prosecutorial discovery, ruling that Crim.P. 16 II(c) authorizes the court "to require the Defendant to disclose any written and recorded statements of witnesses who are to be called at trial by the defendant." The court also ruled that witnesses' statements constituted "demonstrative evidence" and therefore their disclosure would not implicate the privilege against self-incrimination. Finally, the court determined that the application of the work product doctrine to bar prosecutorial discovery of such statements would grant the defendant an unfair advantage over the prosecution because the witnesses might not freely discuss the case with the prosecution.[1] We conclude that the respondent court lacked the authority under Crim.P. 16 II to order the pretrial disclosure of defense witnesses' statements.

Crim.P. 16 II(c) provides:

"Subject to constitutional limitations, the trial court may require that the prosecuting attorney be informed of the nature of any defense which defense counsel intends to use at trial and the names and addresses of persons whom counsel intends to call as witnesses in support thereof. Upon receipt of the information required by this subsection (c), the prosecuting attorney shall notify defense counsel of any additional witnesses which he intends to call to rebut such defense within a reasonable time before trial after their identity becomes known."

Foremost among the constitutional limitations encompassed by this rule is the privilege against self-incrimination. *U.S.Const.* Amend. V; *Colo.Const.* Art. II, Sec. 18. In *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), the United States Supreme Court considered the validity of Florida's reciprocal discovery rule which required the defendant, upon written demand of the prosecutor, to give pretrial notice of the alibi defense and the names and addresses of alibi witnesses or suffer exclusion of their testimony at trial, and imposed similar requirements upon the prosecution with respect to rebuttal witnesses. In rejecting the defendant's self-incrimination challenge, the Court stated that "the rule only compelled [defendant] to accelerate the timing of his disclosure, forcing him to divulge at an earlier date information that the [defendant] from the beginning planned to divulge at trial." *Id.* at 85, 90 S.Ct. at 1898, 26 L.Ed.2d at 452.

In this case the respondent court's order of discovery is markedly broader than the scope of discovery sanctioned by the *Williams* case. There the disclosure rule involved only the names and addresses of defense witnesses. Here the order of discovery includes the actual statements of the

---

1. We have not been furnished a record of the hearing on the prosecution's motion for discovery. The respondent court stated that the defense witnesses "may not freely discuss with the prosecution their participation in the subsequent attack on the victim since it may constitute an admission or confession to a criminal act." However, the briefs indicate that no evidence was presented at the hearing regarding the likely refusal or reluctance of defense witnesses to discuss the case with the prosecution. Crim.P. 16 III(a) provides that "neither the prosecuting attorney, the defense counsel, nor other prosecution or defense personnel shall advise persons having relevant material or information (except the defendant) to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede counsel's investigation of the case." In the absence of any evidence indicating otherwise, we assume that the attorneys complied with this admonition.

defendant's witnesses. Although the defendant asserts that the order requiring the pretrial disclosure of defense witnesses' statements implicates the privilege against self-incrimination, we find it unnecessary to resolve that issue in this proceeding.[2] Nor is it necessary for us to address the applicability of the work product doctrine to the challenged order of discovery.[3] Rather, we base our decision on the general structure of Crim.P. 16, particularly the plain language of Crim.P. 16 II(c).

Part I of Rule 16 relates to defense discovery. Crim.P. 16 I(a) requires the prosecution to disclose to defense counsel various material and information including the names and addresses of its witnesses "together with their relevant written or recorded statements." Crim.P. 16 I(e) vests the court with discretion to order the prosecution to disclose information not otherwise included in the list of compelled disclosures in Crim.P. 16 I(a).

Part II of Rule 16 governs prosecutorial discovery. In contrast to Part I, Crim.P. 16 II does not compel any disclosures as a matter of course but rather states that "the trial court may require" the defendant to provide discovery in three distinct categories: nontestimonial identification evidence, the reports or statements of experts made in connection with the case, and the nature of any defense along with the names and addresses of persons whom defense counsel intends to call as witnesses in support thereof. Part II contains no provision granting trial courts discretionary authority to expand on this list of items discoverable by the prosecution.

Discovery of nontestimonial identification evidence, which is authorized by Crim.P. 16 II(a), does not involve communicative or testimonial evidence. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Prosecutorial discovery of experts' statements and reports under Crim.P. 16 II(b) is justified on several grounds. The

---

**2.** Some commentators have suggested that an order requiring the pretrial disclosure of defense witnesses' statements implicates the privilege against self-incrimination in several ways. For example, the disclosure might furnish the prosecution with information useful to the state's case in chief or with impeachment or rebuttal evidence damaging to the defendant. Also, the pretrial disclosure of witnesses' statements might connect the defendant with other offenses and lead to the initiation of another prosecution. *See generally Nakell, Criminal Discovery for the Defense and the Prosecution—The Developing Constitutional Considerations*, 50 *N.C.L.Rev.* 437, 494–514 (1973); *Van Kessel, Prosecutorial Discovery and the Privilege Against Self-Incrimination: Accommodation or Capitulation*, 4 *Hastings Const.L.Q.* 855, 881–89 (1977). Such considerations have led the Supreme Courts of Alaska and California to conclude that the mandatory pretrial disclosure of defense witnesses' statements involves a form of testimonial compulsion in violation of state constitutional prohibitions against self-incrimination. *E. g., Scott v. State*, 519 P.2d 774 (Alaska 1974); *Prudhomme v. Superior Court of Los Angeles County*, 2 Cal.3d 320, 466 P.2d 673, 85 Cal.Rptr. 129 (1973). However, there is contrary authority. *E. g., State ex rel. Keller v. Criminal Court*, 262 Ind. 420, 317 N.E.2d 433 (1977); Ariz.R.Crim.P. 15.2(c)(1); Minn.R.Crim.P. 9.02, subd. 1(3)(b). In *People v. District Court*, 187 Colo. 333, 343, 531 P.2d 626, 632 (1975), we cautioned that "the request for disclosure may be overbroad and, therefore, invalid if it seeks information which might

serve as an unconstitutional link in a chain of evidence tending to establish the accused's guilt of a criminal offense."

**3.** In contrast to the privilege against self-incrimination, the work product doctrine is not of constitutional origin and is considerably more limited in scope. Its purpose is to protect the attorney's thought processes from discovery, thereby affording him the opportunity to prepare a client's case free from unnecessary intrusion by opposing parties and their counsel. *See, e. g., Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Crim.P. 16 I(f)(1) provides that disclosure to the defendant "shall not be required of legal research or of records, correspondence, reports or memoranda to the extent that they contain the opinions, theories, or conclusions of the prosecuting attorney or members of his legal staff." The work product of a defense attorney is similarly protected from disclosure. *People v. District Court, supra.* The exemption from discovery, however, is not absolute but rather is grounded in the realities of our adversary system. *United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). The discovery of documents consisting of work product may be granted upon a showing of substantial need and inability to obtain the equivalent information without undue hardship. *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

special content of such documents and their probable use by the defendant at trial render them less likely to involve an objection to their disclosure. Moreover, the technical and complex nature of such reports often require detailed analysis. "Test results and statistical analysis, in particular, can be subject to a number of different interpretations, depending on the analytical model employed. Therefore, an early opportunity to examine the reports of experts is essential to adequate preparation for cross-examination." II *ABA Standards for Criminal Justice, Discovery and Procedure Before Trial*, Standard 11–3.2(a), Commentary at 11.52 (2d ed. 1980). However as in all cases of prosecutorial discovery, the court's authority to order disclosure of the statements of the defendant's experts is expressly "[s]ubject to constitutional limitations." Crim.P. 16 II(b).

■ Crim.P. 16 II(c) was carefully drafted and limits discovery to the nature of any defense and the names and addresses of witnesses intended to be offered at trial in support thereof. It makes no mention of defense witnesses' statements. The exclusion of non-expert witnesses' statements from prosecutorial discovery, far from being an oversight, reflects a purposeful decision to prevent the impairment of constitutional rights that arguably could result from a rule permitting the court to enlarge the categories of prosecutorial discovery on the basis of an *ad hoc* evaluation of each case. In keeping with this purpose, the trial court's authority to grant discovery likewise must be limited to the categories expressly set forth in the rule. Limiting the prosecution to the nature of any defense and the names and addresses of de-

fense witnesses in support thereof will not hamper its trial preparation. Adequate investigative resources are available to the prosecution for interviewing these witnesses and fully developing the case before trial.[4]

The respondent court justified its discovery order in substantial part on the ground that witnesses' statements constitute "demonstrative evidence" and, as such, they were placed beyond the pale of any testimonial privilege by our decision in *People v. District Court*, 187 Colo. 333, 531 P.2d 626 (1975). While we there stated that the privilege against self-incrimination "does not extend to demonstrative evidence obtained from the defendant or from a witness," *id.* at 340, 531 P.2d at 630, we in no manner implied that witness' statements fall into that category. By "demonstrative evidence" we meant nontestimonial evidence such as fingerprints, blood specimens, handwriting examples, photographs and other evidence of similar character, the discovery of which is expressly authorized by Crim.P. 16 II(a).[5] Any notion that witnesses' statements are somehow nontestimonial and therefore within the purview of prosecutorial discovery under Crim.P. 16 II(c) is clearly dispelled by our later statement in *People v. District Court, supra,* 187 Colo. at 343, 531 P.2d at 632, that "the trial court, in its discretion, may permit discovery within the limitations of the rule and may order disclosure of those scientific and medical reports and defense theories (together with the names and addresses of supporting witnesses) which the defendant intends to offer at the time of trial."

---

4. According to the defendant's brief there are approximately seventy-five law enforcement officers employed by the Larimer County Sheriff's Department and one investigator in the Public Defender's office. In the event that defense counsel or defense personnel should impede the prosecution's investigation of the case in violation of Crim.P. 16 III(a), the court would have an array of sanctions available to it under Crim.P. 16 III(g).

5. Crim.P. 16 II(a) provides for prosecutorial discovery of "any nontestimonial identification

as provided in Rule 41.1(h)(2)." Crim.P. 41.1 (h)(2) defines nontestimonial identification evidence as including, but not limited to, "identification by fingerprints, palm prints, footprints, measurements, blood specimens, urine specimens, saliva samples, hair samples, specimens of material under fingernails, or other reasonable physical or medical examination, handwriting exemplars, voice samples, photographs, appearing in lineups, and trying on articles of clothing."

Accordingly, we hold that Crim.P. 16 II(c) neither explicitly nor implicitly authorizes trial courts to grant prosecution motions for pretrial discovery of statements of non-expert defense witnesses. The respondent court's discovery order was in excess of its authority.

The rule to show cause is made absolute and the cause is remanded to the district court for further proceedings consonant with the views expressed herein.

HODGES, C. J., does not participate.