Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us.  Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
January 13, 2020

**2020 CO 6**

**No. 19SA191,** *In Re People v. Kilgore*—**Criminal Law**—**Discretion in Ordering Disclosure.**

In this original proceeding, the supreme court considers whether the district court was authorized to order the defendant to disclose his exhibits before trial. The court concludes that it was not.  Because the district court's order finds no support in Crim. P. 16 and arguably infringes on the defendant's constitutional rights, the court makes the rule absolute.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

### 2020 CO 6

**Supreme Court Case No. 19SA191**
*Original Proceeding Pursuant to C.A.R. 21*
La Plata County District Court Case No. 18CR644
Honorable Suzanne Fairchild Carlson, Judge

**In Re**

**Plaintiff:**

The People of the State of Colorado,

v.

**Defendant:**

Joshua Edward Kilgore.

**Rule Made Absolute**
*en banc*
January 13, 2020

**Attorneys for Plaintiff:**
Philip J. Weiser, Attorney General
Emily B. Buckley, Assistant Attorney General
    *Denver, Colorado*

**Attorneys for Defendant:**
Megan A. Ring, Public Defender
Anne Kathryn Woods, Deputy Public Defender
    *Durango, Colorado*

**JUSTICE SAMOUR** delivered the Opinion of the Court.

¶1     District courts enjoy ample discretion in managing cases before trial, but that discretion is not unfettered.  In criminal cases, a district court may not rely on its case-management discretion to order disclosures that exceed the discovery authorized by Rule 16 of the Colorado Rules of Criminal Procedure.  Nor may a court require disclosures that infringe on an accused's constitutional rights.

¶2     The district court in this case sua sponte ordered the parties to exchange exhibits thirty days before trial.  The defendant, Joshua Edward Kilgore, protested, but the district court overruled his objection.  Kilgore then filed a C.A.R. 21 petition, and we issued a rule to show cause.  Because the district court's order finds no support in Rule 16 and arguably infringes on Kilgore's constitutional rights, we make the rule absolute.

## I.  Procedural History

¶3     The prosecution has charged Kilgore with two counts of felony sexual assault.  At arraignment, Kilgore pled not guilty to the charges, and the district court scheduled the matter for a jury trial.

¶4     In the minute order it issued following the arraignment, the court indicated, among other things, that "exhibits [were] to be exchanged 30 days before trial" ("disclosure requirement" or "disclosure order").  The disclosure requirement was not prompted by a party's request and appears to have been part of the court's standard case-management practice.  A couple of months later, Kilgore filed an

2

objection, arguing that the disclosure requirement violated his attorney's confidentiality obligations, the attorney-client privilege, the attorney work-product doctrine, and his due process rights (including his right to make the prosecution meet its burden of proof, his right to a fair trial, and his right to the effective assistance of counsel). Further, noted Kilgore, Rule 16 neither requires him to disclose, nor entitles the prosecution to receive, his exhibits before trial.

¶5 Although acknowledging the difficulty of ruling in a vacuum, the court ultimately overruled Kilgore's objection. The court reasoned that requiring Kilgore to disclose his exhibits prior to trial would "foster[] efficiency and allow[] for a fair trial" without running afoul of his rights. Any exhibits not disclosed before trial, warned the court, would "not be used at trial."

¶6 Kilgore sought reconsideration of this ruling, but the court declined to alter it. Thereafter, Kilgore submitted a sealed motion detailing the specific reasons he opposed disclosing a particular exhibit.[1] Despite having this additional information, though, the court stood by its earlier ruling. It reiterated that "[t]rading trial exhibits such as the one discussed" in the sealed motion would

---

[1] Without objection, Kilgore included this motion under seal in this original proceeding.

3

"promote[] efficiency at trial." The court reminded Kilgore that failure to comply with its disclosure order would result in the exclusion of all his exhibits.

¶7 Kilgore then sought our intervention pursuant to C.A.R. 21, and we issued a rule to show cause.

## II. Jurisdiction

¶8 Whether to exercise our original jurisdiction under C.A.R. 21 is a question solely within our discretion. *People v. Tafoya*, 2019 CO 13, ¶ 13, 434 P.3d 1193, 1195. However, our jurisprudence reflects that relief under C.A.R. 21 is "an extraordinary remedy that is limited in both purpose and availability." *People in Interest of T.T.*, 2019 CO 54, ¶ 16, 442 P.3d 851, 855–56 (quoting *Villas at Highland Park Homeowners Ass'n v. Villas at Highland Park, LLC*, 2017 CO 53, ¶ 22, 394 P.3d 1144, 1151). In the past, we have exercised our jurisdiction when an appellate remedy would be inadequate, *Fognani v. Young*, 115 P.3d 1268, 1271 (Colo. 2005), when a party may otherwise suffer irreparable harm, *People v. Turner*, 109 P.3d 639, 641 (Colo. 2005), and when a petition raises "issues of significant public importance that we have not yet considered," *Wesp v. Everson*, 33 P.3d 191, 194 (Colo. 2001).

¶9 In invoking our original jurisdiction, Kilgore contends that a Rule 21 proceeding is the only adequate appellate remedy, that he will otherwise suffer

4

irreparable harm, and that his petition raises an issue of first impression that is of significant public importance. We agree.

¶10 First, there is no other adequate remedy because we deal here with a pretrial ruling that may significantly impact Kilgore's ability to litigate the case on the merits and is not curable on direct appeal. More specifically, the disclosure order compels Kilgore to share with the prosecution some exculpatory evidence and his trial strategy. As such, any resulting detriment to Kilgore cannot be reversed on direct appeal. In *Schultz v. GEICO Casualty Co.*, we explained that when a discovery ruling "may significantly affect a party's ability to litigate the merits of a case and may cause damage . . . that cannot be cured" on direct appeal, "it is appropriate to challenge" it "by way of an original proceeding." 2018 CO 87, ¶ 12, 429 P.3d 844, 846–47 (quoting *Belle Bonfils Mem'l Blood Ctr. v. Dist. Court*, 763 P.2d 1003, 1013 (Colo. 1988)).

¶11 Second, though we ordinarily decline to exercise our original jurisdiction to review discovery orders, we have recognized that such an order can cause irreparable harm. *See Ortega v. Colo. Permanente Med. Grp., P.C.*, 265 P.3d 444, 447 (Colo. 2011). An immediate review is appropriate where, as here, "the damage that could result from disclosure would occur regardless of the ultimate outcome of an appeal from a final judgment." *Id.* As mentioned, the disclosure order forces Kilgore to reveal to the prosecution some exculpatory evidence and his trial

5

strategy. And once that happens, any prejudice to Kilgore cannot be undone. As the old adage goes, "you can't unring a bell."

¶12 Finally, Kilgore correctly points out that we have never addressed whether a district court is vested with authority to order the disclosure of an accused's exhibits before trial. Moreover, given the constitutional rights potentially at play, the number of jury trials held every month throughout our state, and the prevalence of standard case-management orders, we view this as an issue of significant public importance that is likely to recur. Hence, we feel compelled to provide guidance.

## III. Standard of Review

¶13 Appellate courts typically review a trial court's discovery order in a criminal case for abuse of discretion. *People in Interest of E.G.*, 2016 CO 19, ¶ 6, 368 P.3d 946, 948. But the specific discovery-related question we confront in this original proceeding is a legal one: Did the district court have authority to order Kilgore to disclose his exhibits before trial? Therefore, our review is de novo. *People v. Chavez-Torres*, 2019 CO 59, ¶ 11, 442 P.3d 843, 847.

## IV. Analysis

¶14 Kilgore argues that the district court had no authority to compel him to disclose his exhibits before trial. He also asserts that the disclosure requirement

6

infringes on his constitutional right to due process because it deprives him of his right to have the prosecution meet its burden of proof.[2]

¶15    "The right of discovery in criminal cases is not recognized at common law." *E.G.*, ¶ 11, 368 P.3d at 949 (quoting *Walker v. People*, 248 P.2d 287, 302 (Colo. 1952)). But in the twentieth century, there were many changes to the common law related to pretrial disclosure in criminal cases. *Id.* Perhaps none was greater than the Supreme Court's decision in the landmark case of *Brady v. Maryland*, 373 U.S. 83 (1963), which gave birth to a defendant's constitutional right to the discovery of exculpatory information in the prosecution's possession. *E.G.*, ¶ 11, 368 P.3d at 949. Following *Brady*'s lead, legislatures and state courts enacted statutes and rules expanding "criminal discovery rights." *Id.* Despite this development, or perhaps because of it, "Colorado remains one of the few states that has never deviated from the traditional doctrine holding that courts lack power to grant discovery outside of those statutes or rules." *Id.* at ¶ 12, 368 P.3d at 949. Thus, under Colorado law, district courts have "no freestanding authority to grant

---

[2] Before us, Kilgore does not renew his claims that the disclosure order violated his attorney's confidentiality obligations, the attorney-client privilege, and the attorney work-product doctrine. We limit our discussion accordingly.

criminal discovery beyond what is authorized by the Constitution, the rules, or by statute." *Id.* at ¶ 13, 368 P.3d at 950.

¶16 This case does not implicate discovery authorized by the Colorado Constitution or any of our statutes. Our focus is solely on the Colorado Rules of Criminal Procedure in general and Rule 16 specifically. After all, Rule 16, "Discovery and Procedure Before Trial," controls discovery in criminal cases.[3] Our task, then, is to scrutinize Rule 16 to determine whether the district court was authorized to order Kilgore to disclose his exhibits before trial.

¶17 Part (I) of Rule 16 sets forth disclosures by the prosecution to the defendant; Part (II) of Rule 16 addresses disclosures by the defendant to the prosecution. In this case, we are concerned only with Part (II), which is divided into four sections. We explore each section in turn.

¶18 Subject to constitutional limitations, section (a) permits the prosecution to request and the court to require that the defendant provide nontestimonial identification evidence.

---

[3] The prosecution maintains that Rule 16 does not apply here because the disclosure requirement covers "*trial* exhibits" that will be presented to the jury, not "*pretrial* discovery." This is a distinction without a difference. Information provided in pretrial discovery is often presented to the jury. Indeed, a paramount reason for pretrial discovery is to avoid surprises at trial.

¶19 Section (b) covers medical and scientific reports. Subject to constitutional limitations, it grants the court authority to order the defendant to provide the prosecution discovery related to reports or statements of expert witnesses made in connection with the particular case and, where justified by the interests of justice, to disclose additional information related to such discovery.

¶20 Unlike sections (a) and (b), section (c) is self-executing; it imposes certain automatic obligations on the defendant in every criminal case without the need of a request from the prosecution or an order from the court. Subject to constitutional limitations, under section (c), "Nature of Defense," the defendant "shall disclose to the prosecution the nature of any defense, other than alibi." Crim. P. 16(II)(c). Additionally, pursuant to section (c), the defendant "shall . . . disclose the names and addresses of persons whom the defense intends to call as witnesses at trial." *Id.*

¶21 Section (d) is also self-executing, but it is limited in scope. It requires certain disclosures when the defendant endorses the defense of alibi, a defense not relevant in this case.

¶22 Thus, while Rule 16(II) requires Kilgore to make certain pretrial disclosures to the prosecution, it does not mention trial exhibits. But does the conspicuous omission of trial exhibits from Rule 16(II) mean that the district court lacked authority to require Kilgore to disclose his trial exhibits?

9

¶23     Our decisions in *Richardson v. District Court*, 632 P.2d 595 (Colo. 1981), and

*E.G.* are instructive.   In *Richardson*, the district court granted the prosecution's

motion for discovery of Richardson's non-expert witnesses' statements.  632 P.2d

at 596.  Setting aside the district court's order, we observed that Rule 16(II)(c) "was

carefully drafted" and "makes no mention of defense witnesses' statements."  *Id.*

at 599.  We explained that this omission, "far from being an oversight," reflects a

deliberate determination "to prevent the impairment of constitutional rights that

arguably could result from a rule permitting the court to enlarge the categories of

prosecutorial discovery on the basis of an ad hoc evaluation of each case."  *Id.*

Therefore,   we   concluded   that   "the   trial   court's   authority   to   grant

discovery . . . must be limited to the categories expressly set forth in the rule."  *Id.*

¶24     Consistent with *Richardson*, in *E.G.* we held that the trial court erred in

granting E.G.'s discovery motion for access to a home because "nothing in

Crim. P. 16(I)(a)–(c) grants the trial court authority to order access to a private

home that is not subject to the court's jurisdiction" or in the government's

possession.  ¶ 15, 368 P.3d at 950.  We recognized that a different provision in the

rule, Crim. P. 16(I)(d)(1), gives the court discretion to grant a reasonable request

by the defense for disclosure of relevant material and information not covered by

sections (a), (b), or (c) in Part (I).  *Id.* at ¶ 16, 368 P.3d at 950.  But we reasoned that

this provision did not empower the court to require the disclosure at issue because a court cannot require disclosure of something over which it has no authority. *Id.*

¶25 Applying *Richardson* and *E.G.*, we hold that the district court was devoid of authority to require Kilgore to disclose his exhibits to the prosecution before trial because nothing in Rule 16(II) permitted the court to do so. Therefore, the court erred in ordering the parties to exchange exhibits thirty days prior to trial.[4]

¶26 We are not persuaded otherwise by the prosecution's reliance on the district court's inherent discretion to manage cases and to ensure the judicial process functions efficiently. Such discretion cannot expand the contours of Rule 16(II). Nor do we agree with the prosecution that Rule 16(II)'s silence regarding exhibits means that the district court was free to impose the disclosure requirement. The prosecution actually has it backwards. It posits that a district court has authority

---

[4] The prosecution's reliance on Rules 16(III)(d) and 16(IV)(e) is misplaced. Both provisions are inapposite: the former because it addresses protective orders related to discovery already authorized by other provisions in Rule 16, *see* Crim. P. 16(III)(d); the latter because there is neither a basis to believe the trial in this case is "likely to be protracted or otherwise unusually complicated" nor a "request by agreement of the parties," Crim. P. 16(IV)(e). Even if Rule 16(IV)(e) were pertinent here, it would be of no assistance to the prosecution. That provision simply allows the court to hold pretrial conferences "to consider," among other things, issues related to "[m]arking . . . documents and other exhibits" for identification; "[e]xcerpting or highlighting exhibits"; and "[w]aivers of foundation as to such documents." *Id.* It does not permit an order requiring disclosure of the defendant's exhibits before trial.

11

to order any discovery that is not specifically prohibited by Rule 16. But Rule 16 is not a rule of prohibition. It delineates what discovery is required or permitted, not what discovery is prohibited. As *Richardson* and *E.G.* make clear, a district court has authority to order only discovery that is specifically authorized by Rule 16. *See E.G.*, ¶ 16, 368 P.3d at 950–51; *Richardson*, 632 P.2d at 599. Thus, an omission from Rule 16 signifies something a district court *lacks* authority to order, not something it *has* authority to order.

¶27 The disclosure order is concerning for an additional reason—it arguably infringes on Kilgore's constitutional rights. The district court, at a minimum, potentially infringed on Kilgore's right to due process because his compliance with the disclosure order may help the prosecution meet its burden of proof.

¶28 "Our Anglo-American system of criminal jurisprudence has as a nucleus the requirement that the prosecution in a criminal case must establish the guilt of the accused by proof beyond a reasonable doubt." *People v. Hill*, 512 P.2d 257, 258 (Colo. 1973). This tenet is now "so universally accepted and applied" that it has become an organic component "of our understanding of the term 'due process of law.'" *Id.* (quoting *People v. Dist. Court*, 439 P.2d 741, 743 (Colo. 1968)).

¶29 The disclosure order compels Kilgore to reveal exculpatory evidence and to tip his hand vis-à-vis his investigation and the theory of his defense. In effect, it forces Kilgore to share with the prosecution his trial strategy

12

—i.e., how he plans to defend against the charges brought against him. This is problematic. Gaining access to Kilgore's exhibits prior to trial may help the prosecution meet its burden of proof. Put differently, the disclosure requirement rests on shaky constitutional ground because it improperly risks lessening the prosecution's burden of proof.[5]

¶30   Of course, it hardly bears stating that today's decision should not be understood as sanctioning "[t]rial by ambush, or the old fox-and-hounds approach to litigation," which we've repeatedly condemned as "not promot[ing] accuracy or efficiency in the search for truth." *People v. Small*, 631 P.2d 148, 158 (Colo. 1981) (quoting *People v. Dist. Court*, 531 P.2d 626, 628 (Colo. 1975)). Discovery in criminal cases "is not a one-way street" that runs in the direction of the defendant. *Id.* For that reason, Part (II), an entire part of Rule 16, is devoted to disclosures by the defendant to the prosecution.[6]   In our view, the provisions in Rule 16(II)

---

[5] Kilgore also argues that the disclosure requirement affects his right to a fair trial, his right to present a defense, and his right to the effective assistance of counsel. We do not address these claims because they hinge on the *anticipated exclusion* of all his exhibits in the event he fails to comply with the disclosure requirement.

[6] In compliance with Part (II) of Rule 16, Kilgore has shared with the prosecution the names and addresses of the witnesses he intends to call at trial. The prosecution is free to interview all of these endorsed witnesses with an eye toward discerning what exhibits Kilgore intends to introduce at trial.

adequately ensure that the prosecution is not ambushed at trial without infringing on a defendant's constitutional rights.

## V. Conclusion

¶31    For the foregoing reasons, we conclude that the district court erred in ordering Kilgore to disclose his exhibits before trial.  Therefore, we make the rule to show cause absolute.