24CA0617 Peo v Hall 06-26-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0617
El Paso County District Court No. 23CR1351
Honorable Samuel A. Evig, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Harris Hall,

Defendant-Appellant.

---

ORDER AFFIRMED

Division V
Opinion by JUDGE GROVE
Welling and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 26, 2025

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kimberly J. Davis, Deputy State Public Defender, Colorado Springs, Colorado, for Defendant-Appellant

¶ 1    Defendant, Harris Hall, appeals the district court's order imposing $1,287.66 in restitution.  We affirm.

## I.    Background

¶ 2    Hall, his girlfriend, L.M., and their son were staying at a motel. One morning, the couple got into an argument that led to a physical altercation during which Hall choked L.M. and she twisted her ankle.  Hall was charged with second degree assault, harassment, and child abuse.

¶ 3    Hall entered into a plea agreement for deferred judgment and sentencing.  As part of the agreement, he pleaded guilty to harassment as an act of domestic violence.  This guilty plea would be vacated once he successfully completed probation.  He also agreed to pay L.M. restitution for all pecuniary losses arising from the charges against him, including those that were dismissed under the plea agreement, and stipulated "to causation for restitution purposes."  The agreement outlined the restitution procedure:

> The Court will order restitution, the People will submit the proposed amount within 42 days of sentencing, and the Defendant is provided 21 days to object to the final determination of the amount.  The Parties stipulate to a sufficient showing of "good cause" under section 18-1.3-603(l)(b)[, C.R.S. 2024,] and "extenuating

1

circumstances" under section 18-1.3-603(2) allowing the Court to reserve its right to order additional restitution beyond the 91 day period but not to exceed 180 days unless the Court makes additional findings prior to the expiration of 180 days.

¶ 4    A timeline of subsequent relevant events follows:

- On September 25, 2023, the trial court accepted the plea agreement. There is no transcript of the providency hearing in the appellate record.

- Thirty-nine days later, on November 3, 2023, the prosecution filed the proposed restitution amount: $1,287.66.

- Forty-one days after sentencing, on November 5, the court entered the restitution order, which provided that the restitution funds would be paid to the Colorado Department of Health Care Policy and Financing. The order included a "Notice to Defendant," which stated as follows:

> If you object to the restitution amount you shall file a written objection before this Court within 14 days to set a hearing date. Failure to request a timely hearing will result in a final order for the full amount of restitution requested, and the order will not be subject to review.

- On December 4, 2023 — seventy days after sentencing and twenty-nine days after the November 5 restitution order — Harris filed an objection to the amount of proposed restitution. The motion did not mention Harris's failure to comply with the deadlines set forth in the plea agreement or in the district court's subsequent restitution order. Neither party contacted the court to request a hearing after Harris filed his objection.

- Due to an administrative error, the court did not receive Hall's objection until February 2, 2024, well beyond the expiration of the ninety-one-day statutory deadline to determine restitution. Upon receipt, the court set the matter for a hearing for February 20, 2024, 150 days after sentencing.

¶ 5    At the hearing, Hall objected to the restitution order's finality, arguing that the order was invalid because the court had not provided him with a hearing to object to the restitution amount before the statutory deadline expired. Additionally, he asserted, the court lacked the authority to shorten the ninety-one-day deadline. The prosecution responded that, because Hall failed to file an

3

objection to the restitution order within fourteen days of its issuance, the amount of restitution became final before the ninety-one-day statutory deadline expired.

¶ 6     The court agreed with the prosecution, finding that its November 5 restitution order became final when Hall failed to object within the fourteen-day deadline that the order set.  The court noted that the deadline was "specifically designed to comply with the" ninety-one-day statutory deadline and the supreme court's holding in *People v. Weeks*, 2021 CO 75.  Alternatively, the court found it had authority to set a hearing outside the statutory deadline because Hall's untimely objection amounted to a waiver of the deadline.  Thus, it declined to disturb the award of restitution.

## II.     Analysis

¶ 7     Hall contends that the restitution order must be vacated because (1) he objected to the restitution order before the expiration of the statutory deadline and the court failed to set a hearing prior to that deadline and (2) the court failed to find good cause to extend the deadline beyond ninety-one days.  We are not persuaded.

A. Applicable Law and Standard of Review

¶ 8    The restitution statute requires every order of conviction to include one of four types of restitution orders. § 18-1.3-603(1). As relevant here, section 18-1.3-603(1)(b) requires an order of conviction to include "[a]n order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined." In other words, the court must determine the amount of restitution within ninety-one days of the judgment of conviction and may extend this time period only if, before the deadline expires, it makes an express finding of good cause to do so. *Weeks*, ¶¶ 4-5. Thus, the statute places an obligation on the sentencing court to ensure that restitution is resolved within ninety-one days from the entry of the order of conviction. *People v. Brassill*, 2024 COA 19, ¶ 20.

¶ 9    Nevertheless, "district courts have the inherent authority to manage their dockets through scheduling orders." *People v. Owens*, 2014 CO 58M, ¶ 16; *Brassill*, ¶ 17; *see also Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001) (trial courts are

responsible for managing their dockets, moving cases toward completion, and assuring that parties comply with deadlines); *People v. Kilgore*, 2020 CO 6, ¶ 26 (trial courts have inherent discretion to manage cases).

¶ 10     We review de novo whether a trial court complied with the restitution statute.  *See Weeks*, ¶ 24.  However, when a court has discretion to decide an issue, we review that decision under an abuse of discretion standard.  *People v. Rath*, 44 P.3d 1033, 1043 (Colo. 2002).  To constitute an abuse of discretion, the trial court's decision must be "manifestly arbitrary, unreasonable, or unfair." *Id.*  A trial court necessarily abuses its discretion if its ruling is based on an erroneous view of the law.  *People v. Wadle*, 97 P.3d 932, 936 (Colo. 2004).

## B.     Discussion

¶ 11     At the heart of Hall's appellate argument is his contention that the district court did not enter a restitution order until the February 20 restitution hearing, but by then it was too late because the statutory deadline had already expired without being extended for good cause.  This argument requires us to address a related question: Does the court have the authority to impose restitution

6

*before* the expiration of the ninety-one-day statutory deadline?  If so, then its November 5 order — which stated in relevant part that "[t]he Court orders, in accordance with the judgment entered herein, that the Defendant make restitution, in the amount of $1,287.66" — is dispositive because it was entered less than ninety-one days after sentencing.

¶ 12    In *Weeks*, the supreme court stated that, "at a sentencing hearing, the trial court judge should be prepared to put in place a plan" that ensures the prosecution submits the restitution amount and the court determines the restitution amount within the ninety-one-day statutory period.  *Weeks*, ¶ 8.  The November 5 order, which entered a restitution amount but gave Hall a fourteen-day period to object, was exactly the type of order *Weeks* contemplated.  *See also Brassill*, ¶ 52 (noting that a trial court's thirty-day deadline set for the prosecution to turn in its restitution amount was also the type of order *Weeks* contemplated).  The deadline set in the order, as the court explained in its oral findings at the restitution hearing, gave the court sufficient time on a busy docket to schedule a restitution hearing before the expiration of the statutory deadline,

while ensuring that the statutory deadline would still be met if Hall did not file an objection.

¶ 13    Under these circumstances, we agree with the People's argument that the restitution order was entered before the expiration of the ninety-one-day deadline, and that, as a result, Hall's objection is better characterized as a motion for reconsideration. Because the court unquestionably had authority to, and did, enter a restitution order before the statutory deadline expired, we decline to disturb its ruling.[1]

### III.    Disposition

¶ 14    We affirm the district court's order imposing $1,287.66 in restitution.

JUDGE WELLING and JUDGE JOHNSON concur.

---

[1] In addition, *Johnson v. People*, 2025 CO 29, appears to foreclose Hall's appellate argument. In *Johnson*, which was issued after the close of briefing in this case, the supreme court held that the statutory restitution deadline "is not jurisdictional and can be waived." *Id.* at ¶ 19. Here, as part of the plea agreement, the parties stipulated to good cause and extenuating circumstances that would "allow[] the Court to reserve its right to order additional restitution beyond the 91 day period but not to exceed 180 days." Thus, even if the restitution order was not officially entered until the February 20 restitution hearing, the court still had authority to enter it because 180 days had not yet passed.