Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us.  Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 18, 2020

**2020 CO 42**

**No. 20SA31,** *In re People v. Huckabay* — **Criminal Trials** — **Preliminary Hearing** — **Mandatory Sentencing.**

In this case, the supreme court is asked to decide whether an out-of-custody defendant accused of felony DUI is entitled to a preliminary hearing pursuant to the preliminary hearing statute, section 16-5-301(1)(a), C.R.S. (2019), and the related court rule, Crim. P. 7(h)(1).

Under these provisions, a defendant is entitled to a preliminary hearing whenever he is charged with a class four, five, or six felony and the charge requires the imposition of mandatory sentencing.  Further, by its plain meaning, "mandatory sentencing" involves any period of incarceration required by law.

Applying these principles to the instant case, the court holds that Donald Eugene Huckabay is entitled to a preliminary hearing because he was charged with felony DUI—a class four felony that carries mandatory sentencing either to

the Colorado Department of Corrections or to a county jail as a condition of probation. The court therefore makes the rule absolute.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

---

### 2020 CO 42

---

### Supreme Court Case No. 20SA31
*Original Proceeding Pursuant to C.A.R. 21*
Pueblo County District Court Case No. 19CR1073
Honorable Thomas Flesher, Judge

---

### In Re
### Plaintiff:

The People of the State of Colorado,

v.

### Defendant:

Donald Eugene Huckabay.

---

### Rule Made Absolute
*en banc*
May 18, 2020

---

**Attorneys for Plaintiff:**
J.E. Chostner, District Attorney, Tenth Judicial District
Eric R. Bellas, Deputy District Attorney
 *Pueblo, Colorado*

**Attorneys for Defendant:**
Megan A. Ring, Public Defender
Emily E. Follansbee, Deputy Public Defender
 *Pueblo, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1     Last year, in *People v. Tafoya*, 2019 CO 13, 434 P.3d 1193, we were asked to decide whether a defendant is entitled to a preliminary hearing on the charge of driving under the influence ("DUI"), a class four felony, where the defendant is held in custody on that charge. Based on the plain language of the felony DUI statute, we concluded that a defendant does indeed have the right to a preliminary hearing under such circumstances. *Tafoya*, ¶¶ 2, 16–20, 29, 434 P.3d at 1194, 1196–97.

¶2     In this case, we find ourselves confronted with a question left open in *Tafoya*: Is a defendant charged with felony DUI entitled to demand and receive a preliminary hearing where the defendant is *not* in custody, but the offense requires "mandatory sentencing"? Today we answer this question in the affirmative. A defendant is entitled to a preliminary hearing whenever he is charged with a class four, five, or six felony and the charge requires the imposition of mandatory sentencing. Further, by its plain meaning, "mandatory sentencing" involves any period of incarceration required by law. Applying these principles to this case, we hold that Donald Eugene Huckabay is entitled to a preliminary hearing because he was charged with felony DUI—a class four felony that carries mandatory sentencing.

## I. Facts and Procedural History

¶3    The facts of this case are straightforward and undisputed.  On May 25, 2019, Huckabay was arrested in Pueblo County and charged initially with misdemeanor DUI, DUI per se, and careless driving.  The following day, Huckabay was granted release from custody on personal recognizance.

¶4    On June 4, 2019, the People filed an amended complaint and information charging Huckabay with DUI—fourth or subsequent offense, a class four felony under section 42-4-1301(1)(a), C.R.S. (2019).  The People also dismissed the other charges against Huckabay.

¶5    On December 30, 2019, Huckabay moved for a preliminary hearing pursuant to section 16-5-301(1)(a), C.R.S. (2019), and Crim. P. 7(h)(1), noting that, according to both of these provisions, a defendant charged with a class four felony requiring "mandatory sentencing" is entitled to a preliminary hearing.  Further, Huckabay argued that that the statute setting forth the penalties for felony DUI, section 42-4-1307(6.5)(b), C.R.S. (2019), in fact requires "mandatory sentencing"—at a minimum, a sentence to probation, plus either 90 days' incarceration in county jail or 120 days in county jail through a work- or education-release program.  As such, Huckabay contended that because his class four felony DUI charge required mandatory sentencing, he was entitled to a preliminary hearing on that charge.

¶6 On January 6, 2020, one week after Huckabay filed his motion, the district court issued an oral ruling summarily denying Huckabay's preliminary hearing request. Huckabay then initiated this C.A.R. 21 matter, relying essentially on the arguments he had advanced in his earlier motion. We issued a rule to show cause and, for the reasons set forth below, we now make the rule absolute.

## II. Analysis

¶7 We begin with a discussion of our jurisdiction to consider this matter. We then analyze the preliminary hearing statute, section 16-5-301(1)(a); the statute defining felony DUI, section 42-4-1301(1)(a); the general felony classification statute, section 18-1.3-401, C.R.S. (2019); and the statute outlining the penalties for felony DUI, section 42-4-1307(6.5). Reading all of these provisions together, as we must, we conclude that a defendant is entitled to a preliminary hearing whenever he is charged with a class four, five, or six felony and this charge requires the imposition of a mandatory period of incarceration. Because felony DUI is a class four felony that requires an offender to serve time in jail, Huckabay is entitled to a preliminary hearing.

## A. Original Jurisdiction

¶8 We first address whether relief in the nature of an original proceeding is the appropriate vehicle for resolution of Huckabay's claim that the district court improperly denied his request for a preliminary hearing. We conclude that it is.

¶9 The exercise of original jurisdiction pursuant to Rule 21 is within our sole discretion. *Fognani v. Young*, 115 P.3d 1268, 1271 (Colo. 2005). Any relief granted under Rule 21 is "an extraordinary remedy that is limited in both purpose and availability." *Villas at Highland Park Homeowners Ass'n v. Villas at Highland Park, LLC*, 2017 CO 53, ¶ 22, 394 P.3d 1144, 1151. In the past, we have deemed such relief appropriate "when an appellate remedy would be inadequate, when a party may otherwise suffer irreparable harm, [or] when a petition raises issues of significant public importance that we have not yet considered." *People v. Kilgore*, 2020 CO 6, ¶ 8, 455 P.3d 746, 748 (citations and quotations omitted).

¶10 Given these considerations, relief under Rule 21 is appropriate for several reasons. First, we have observed previously that where the error alleged involves the right to a preliminary hearing, any appellate remedy that a defendant might have would be inadequate because his right to a preliminary hearing—that is, a judicial determination of whether there is probable cause sufficient to subject the defendant to trial—would clearly be moot after trial. *See Tafoya*, ¶¶ 14–15, 434 P.3d at 1195. Second, the issue now before us is one of first impression. As discussed earlier, while we have previously opined on the question whether an in-custody defendant charged with felony DUI is entitled to a preliminary hearing, *see id.* at ¶ 29, 434 P.3d at 1197, we have yet to speak on whether an out-of-custody defendant is similarly entitled. And third, this issue is one of significant public

5

importance. The crime of felony DUI results from a recent statutory amendment, *cf. id.* at ¶ 15, 434 P.3d at 1195–96, and whether an out-of-custody defendant charged with felony DUI has the right to a preliminary hearing is a question likely to recur across all judicial districts.

¶11 Based on the foregoing, we conclude that our exercise of jurisdiction over this case pursuant to Rule 21 is warranted.

## B. A Felony DUI Conviction Requires "Mandatory Sentencing," Thereby Triggering a Defendant's Right to a Preliminary Hearing.

¶12 Huckabay contends that because his felony DUI charge requires mandatory sentencing, the plain language of both section 16-5-301(1)(a) and Crim. P. 7(h)(1) entitles him to a preliminary hearing. We agree.

¶13 At the outset, we observe that "mandatory sentencing" is not expressly defined in either the statute or the rule. *See People v. Austin*, 2018 CO 47, ¶ 7, 419 P.3d 587, 588. The meaning of this term therefore presents a question of statutory interpretation that we review de novo. *McCoy v. People*, 2019 CO 44, ¶ 37, 442 P.3d 379, 389. In interpreting a statute, we begin with the statute's plain language. *Wolf Ranch, LLC v. City of Colo. Springs*, 220 P.3d 559, 563 (Colo. 2009). If the language is clear and unambiguous on its face, we simply apply it as written and will not resort to other interpretive aids. *See Blooming Terrace No. 1, LLC v. KH Blake St., LLC*, 2019 CO 58, ¶ 11, 444 P.3d 749, 752. Further, we regard the statutory

scheme "as a whole, giving consistent, harmonious, and sensible effect to all of its parts." *McCoy*, ¶ 38, 442 P.3d at 389.

¶14 The preliminary hearing statute provides in relevant part:

[O]nly those persons *accused of a class 4, 5, or 6 felony* by direct information or felony complaint *which felony requires mandatory sentencing . . .* shall have the right to demand and receive a preliminary hearing within a reasonable time to determine whether probable cause exists to believe that the offense charged in the information or felony complaint was committed by the defendant.

§ 16-5-301(1)(a) (emphases added); *see also* Crim. P. 7(h)(1) ("In cases in which a direct information was filed pursuant to Rule 7(c), charging . . . a class 4, 5, or 6 felony . . . if such felony requires mandatory sentencing . . . a preliminary hearing is authorized.").

¶15 Thus, a defendant is entitled to a preliminary hearing where two conditions are satisfied: (1) the defendant is accused of a class four, five, or six felony; and (2) the charge requires mandatory sentencing. For Huckabay—a defendant facing a DUI charge with at least three prior DUI convictions under his belt—we know with certainty that the first condition has been met. According to the DUI statute, "[d]riving under the influence is a misdemeanor, *but it is a class 4 felony if the violation occurred after three or more prior convictions*, arising out of separate and distinct criminal episodes, for DUI, DUI per se, or DWAI." § 42-4-1301(1)(a) (emphasis added). The remaining question before us, therefore, is whether

7

Huckabay's felony DUI charge carries "mandatory sentencing," thereby triggering his right to a preliminary hearing.

¶16    To answer this question, we look to the statute outlining the various penalties for DUI. Section 42-4-1307(6.5)(a) specifies that "[a] person who commits a felony DUI, DUI per se, or DWAI offense *shall* be sentenced in accordance with the provisions of section 18-1.3-401 and this subsection (6.5)." (Emphasis added.) Here, we note that "[t]here is a presumption that the word 'shall' when used in a statute is mandatory." *Mook v. Bd. of Cty. Comm'rs*, 2020 CO 12, ¶ 80, 457 P.3d 568, 583 (quoting *Riley v. People*, 104 P.3d 218, 221 (Colo. 2004)). And based on the usage of the word "shall" in the DUI penalty statute, a sentencing court may choose between two (and *only* two) sentencing alternatives for a felony DUI conviction—both of which require some period of incarceration.

¶17    One of these alternatives, set forth in the general felony classification statute at section 18-1.3-401, is a term of imprisonment. Where, as here, a defendant commits a class four felony on or after July 1, 2018, and prior to July 1, 2020,[1] the

---

[1] Felony offenses committed on or after July 1, 2020 will be governed by a near-identical schedule of penalties, *see* § 18-1.3-401(1)(a)(V.5)(A), except that the death penalty will no longer be available for class one felonies, *see* Ch. 61, sec. 10, § 18-1.3-401, 2020 Colo. Sess. Laws 204, 209–11.

defendant may be sentenced to a presumptive range[2] of two to six years in the custody of the Colorado Department of Corrections ("DOC"), with a mandatory three-year period of parole upon release. § 18-1.3-401(1)(a)(V)(A.1).

¶18 The other alternative, laid out in the DUI penalty statute at section 42-4-1307(6.5), is a term of probation pursuant to section 18-1.3-202, C.R.S. (2019). Among other conditions, the DUI penalty statute specifies that, if the court elects a sentence to probation, "the court shall order" as a condition of probation for the defendant to serve either 90 to 180 days in the county jail, or between 120 days and two years in the county jail through participation in a work- or education-release program. § 42-4-1307(6.5)(b)(I), (II). And tellingly, in either case, the DUI penalty statute refers to this time in the county jail as a "mandatory period of imprisonment." *Id.*

¶19 Reading these sentencing provisions together, we observe that a person convicted of felony DUI faces either a definite term of incarceration in the DOC

---

[2] Based on the presence of "extraordinary mitigating or aggravating factors," a sentencing court may impose a term of imprisonment ranging from one-half of the minimum term to twice the maximum term authorized in the presumptive range. § 18-1.3-401(6). However, the felony classification statute is clear in its mandate that "*in no case* shall the term of sentence" exceed or fall below this expanded range. *Id.* (emphasis added). Thus, to the extent that a defendant convicted of felony DUI is sentenced to imprisonment in the DOC at all, the legislature has mandated that the defendant must serve a term of at least one year.

under section 18-1.3-401, or probation with a definite term of incarceration in county jail under sections 18-1.3-202 and 42-4-1307(6.5)(b). Put simply then, in the context of felony DUI, a sentencing court is required to impose incarceration in one form or another. And the command at section 42-4-1307(6.5)(a) that a felony DUI defendant "*shall* be sentenced in accordance with the provisions of section 18-1.3-401 and this subsection (6.5)" leaves the sentencing court with no discretion to suspend incarceration or employ other sentencing alternatives not enumerated in the statute. (Emphasis added.) Indeed, any discretion the sentencing court may have had to suspend incarceration is further removed by section 18-1.3-401(11), which commands that "in no instance shall the court have the power to suspend a sentence to a term of incarceration when the defendant is sentenced pursuant to a sentencing provision that requires incarceration or imprisonment in the department of corrections, community corrections, or jail." In view of these provisions, we conclude that the plain meaning of "mandatory sentencing," as used in section 16-5-301(1)(a) and Crim. P. 7(h)(1), clearly contemplates periods of incarceration required by law.

¶20 Further, we reject the People's contention that a felony DUI defendant does not face "mandatory sentencing" because "mandatory sentencing" refers only to a period of imprisonment with the DOC. The language of the preliminary hearing statute does not support this assertion. When we interpret a statute, "we must

10

accept the General Assembly's choice of language and not add or imply words that simply are not there." *People v. Diaz*, 2015 CO 28, ¶ 15, 347 P.3d 621, 625 (quoting *People v. Benavidez*, 222 P.3d 391, 393–94 (Colo. App. 2009)). The General Assembly did not modify the term "mandatory sentence" in the preliminary hearing statute with a limitation that the sentence must be to the DOC. If it wanted that limitation, the legislature could easily have included it. Rather, the legislature simply specified that a class four felony requiring "mandatory sentencing" triggers the right to a preliminary hearing. "Mandatory sentencing" can refer to incarceration either in the DOC or in a county jail. Nothing in the term suggests otherwise.

¶21 Applying these principles to this case, Huckabay's felony DUI charge carries the risk of either a term in the DOC or a term of probation with time in the county jail as a condition thereof. As such, Huckabay now faces "mandatory sentencing" upon conviction, and he is entitled to a preliminary hearing under section 16-5-301(1)(a) and Crim. P. 7(h)(1). The district court's failure to grant Huckabay this hearing was error.

### III. Conclusion

¶22 Based on the foregoing, we make the rule absolute, and we remand the case to the district court for further proceedings consistent with this opinion.