Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2021 CO 8**

**No. 20SA321, *In re Raven v. Polis* — Civil Procedure — Parties — Executive Officials — Proper Defendants.**

The supreme court exercises its original jurisdiction to consider whether Governor Jared Polis is a proper named defendant in a class action challenging the treatment of transgender women in the custody of the Colorado Department of Corrections. The supreme court holds that its decision in *Developmental Pathways v. Ritter*, 178 P.3d 524 (Colo. 2008), did not alter the longstanding rule that a suit seeking to enjoin or mandate an executive agency's enforcement of a statute may include the Governor, in his official capacity, as a named defendant. Accordingly, the supreme court concludes the trial court correctly declined to dismiss the Governor from the action and discharges its rule to show cause.

# The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

---

## 2021 CO 8

---

**Supreme Court Case No. 20SA321**
*Original Proceeding Pursuant to C.A.R. 21*
District Court, City and County of Denver, Case No. 19CV34492
Honorable Brian R. Whitney, Judge

---

### In Re
### Plaintiffs:

Kandice Raven, Jane Gallentine, Taliyah Murphy, Amber Miller, Megan Gulley, Lavenya Karpierz, and Cupcake Rivers, as representatives of themselves and all others similarly situated in this class action,

v.

### Defendants:

Jared Polis, Governor of Colorado; Colorado Department of Corrections; Dean Williams, Executive Director of the Colorado Department of Corrections; Travis Trani, Director of Prisons; Randolph Maul, M.D., Colorado Department of Corrections Chief Medical Officer; Sarah Butler, M.D., Chief of the Gender Dysphoria Committee and Chief of Psychiatry; William Frost, M.D., former Colorado Department of Corrections Chief Medical Officer; and Darren Lish, M.D., former Chief of Psychiatry.

---

### Rule Discharged
*en banc*
February 1, 2021

---

**Attorneys for Plaintiffs:**
Arnold & Porter Kaye Scholer
Suneeta Hazra
    *Denver, Colorado*

Arnold & Porter Kaye Scholer
Michael Roig
*New York, New York*

King & Greisen, LLP
Paula Greisen
Jessica Freeman
*Denver, Colorado*

Transgender Law Center
Lynly S. Egyes
Shawn Thomas Meerkamper
Dale Melchert
*Oakland, California*

**Attorneys for Defendant Jared Polis:**
Philip J. Weiser, Attorney General
LeeAnn Morrill, First Assistant Attorney General
*Denver, Colorado*

No appearance on behalf of Defendants Colorado Department of Corrections, Dean Williams, Travis Trani, Randolph Maul, Sarah Butler, William Frost, and Darren Lish.

**JUSTICE HART** delivered the Opinion of the Court.

¶1 In this original proceeding, Governor Jared Polis asks us to conclude that he is not a proper named defendant in a suit challenging the implementation of Colorado law and policy by the Colorado Department of Corrections ("CDOC"), an executive agency over which he has ultimate authority. The Governor argues that after our decision in *Developmental Pathways v. Ritter*, 178 P.3d 524 (Colo. 2008), he should no longer be named as a defendant if there is an identifiable agency, official, or employee responsible for administering a challenged law. Here, he argues that the CDOC and its employees are the only appropriate defendants. We disagree. *Developmental Pathways* did not alter the longstanding rule that the Governor is an appropriate defendant in cases involving "his constitutional responsibility to uphold the laws of the state and to oversee Colorado's executive agencies." *Ainscough v. Owens*, 90 P.3d 851, 858 (Colo. 2004). Accordingly, we discharge our rule to show cause.

## I. Facts and Procedural History

¶2 This class action challenges the treatment of transgender women in CDOC custody. The named plaintiffs representing the class are seven transgender women who are currently confined in CDOC correctional facilities. Plaintiffs' amended complaint names the Governor, the CDOC, the CDOC Executive Director, and multiple current and former CDOC employees as defendants. The amended complaint alleges that Defendants' policies and practices discriminate

3

against transgender women by refusing to recognize them as women and thus subjecting them to unreasonable risks of violence, failing to provide necessary accommodations, and offering inadequate medical and mental health care. On behalf of themselves and other similarly situated transgender women, Plaintiffs seek declaratory, injunctive, and monetary relief for alleged violations of the Colorado Anti-Discrimination Act ("CADA") and the Colorado Constitution.

¶3 Many of the detailed allegations contained in the amended complaint are directed at specific actions allegedly undertaken by the Executive Director or individual employees at the CDOC. The amended complaint also names the Governor, in his official capacity, noting that he is statutorily "responsible for appointing the Executive Director of [the CDOC]" and "is responsible for the overall administration of the laws of the state."

¶4 Shortly after the suit was filed, the Governor moved for dismissal under C.R.C.P. 12(b)(5), arguing that he was an improper party. The district court denied the motion, concluding that the Governor is always an appropriate defendant in a suit challenging implementation of statutes or regulations by Colorado's executive agencies. In reaching this conclusion, the court rejected the argument that our decision in *Developmental Pathways* had created a new standard for assessing when the Governor was properly named as a defendant in litigation. The Governor then

filed the present C.A.R. 21 petition. We issued an order to show cause and now discharge the rule.

## II. Analysis

¶5 We begin by discussing our jurisdiction to hear this matter pursuant to Rule 21. Then, we consider whether the Governor is a proper named defendant in this lawsuit challenging the conditions of confinement at the CDOC. In concluding that the Governor was properly named as a defendant in this action, we reject the contention that our decision in *Developmental Pathways* marked a departure from the well-settled rule that a suit seeking to enjoin or mandate enforcement of a state law may include the Governor, in his official capacity, as a named defendant.

## A. Original Jurisdiction

¶6 We first consider whether relief in the nature of an original proceeding is appropriate for the Governor's claim that the district court should have dismissed him from this action because he is not a proper defendant. We conclude that it is.

¶7 The exercise of original jurisdiction pursuant to Rule 21 is within our sole discretion. *Fognani v. Young*, 115 P.3d 1268, 1271 (Colo. 2005). Any relief granted under Rule 21 is "an extraordinary remedy that is limited in both purpose and availability." *Villas at Highland Park Homeowners Ass'n v. Villas at Highland Park, LLC*, 2017 CO 53, ¶ 22, 394 P.3d 1144, 1151. We have generally "deemed such relief

appropriate 'when an appellate remedy would be inadequate, when a party may otherwise suffer irreparable harm, [or] when a petition raises issues of significant public importance that we have not yet considered.'" *People v. Huckabay*, 2020 CO 42, ¶ 9, 463 P.3d 283, 285 (alteration in original) (quoting *People v. Kilgore*, 2020 CO 6, ¶ 8, 455 P.3d 746, 748).

¶8   The Governor argues that the exercise of our original jurisdiction is appropriate because he should not be subject to the burdens of discovery and trial and that direct appeal would be an inadequate remedy in this instance because it would come only after his participation in these processes. We agree. We have previously recognized that original jurisdiction is appropriate when "the district court's alleged error" involves a right that "would be moot after trial," rendering appellate review inadequate. *People v. Tafoya*, 2019 CO 13, ¶ 15, 434 P.3d 1193, 1195. That is the case here, and we therefore conclude that exercise of our original jurisdiction is appropriate.

### B. The Governor Is a Proper Named Defendant

¶9   Under article IV, section 2, of the Colorado Constitution, "[t]he supreme executive power of the state shall be vested in the Governor, who shall take care that the laws be faithfully executed." Recognizing the Governor's role as "supreme executive," we have explained that

> when a party sues to enjoin or mandate enforcement of a statute, regulation, ordinance, or policy, it is not only customary, but entirely

6

> appropriate for the plaintiff to name the body ultimately responsible for enforcing that law. Moreover, when that body is an administrative agency, or the executive branch of government, or even the state itself, the Governor, in his official capacity, is a proper defendant because he is the state's chief executive.

*Ainscough*, 90 P.3d at 858.

¶10 The Governor argues that in *Developmental Pathways* we moved away from the long-recognized practice of permitting plaintiffs to name the Governor in his official capacity. 178 P.3d at 529. Instead, he contends, after *Developmental Pathways*, a plaintiff may no longer sue the Governor as the "embodiment of the state" if some other agency, official, or employee is specifically charged with administration of or compliance with the challenged state law. His argument rests on our statement that "[t]he evaluation of whether a person or entity is a proper party in a lawsuit must be determined in light of the relevant facts and circumstances." *Id.* at 530. But this statement, viewed in context, does not carry the weight the Governor seeks to place upon it.

¶11 *Developmental Pathways* involved a constitutional challenge to the "gift ban" contained in Amendment 41 of the Colorado Constitution. 178 P.3d at 526. That amendment, which the voters passed in 2006, not only banned the receipt of certain gifts by public employees, but also created the Independent Ethics Commission ("Commission") and charged it with creating rules and hearing complaints to enforce the amendment. *Id.* at 526–27. At the time of the suit,

7

however, no Commission members had been appointed, and the Commission existed in name only. *Id.* at 530. We thus explained, given the absence of an alternative entity, that "[t]he only appropriate state agent for litigation purposes was the Governor. As a personification of the state, the Governor was the proper party defendant in this suit at the time of its filing." *Id.*

¶12 In reaching this conclusion, we noted that "[h]ad the Commission been in existence at the time this lawsuit was filed, we may have reached a different conclusion with regard to this issue." *Id.* The impetus for this observation was the fact that the Commission was deliberately designed to be "separate and distinct from the executive and legislative branches." *Id.* Indeed, its members are appointed by various bodies—not exclusively by the Governor or the legislature—to preserve the Commission's independence. *See id.* at 527 n.2 (describing the appointment of Commission members by different entities).

¶13 Under the unique circumstances presented in *Developmental Pathways*, "the relevant facts and circumstances" were particularly important to an evaluation of whether the Governor was an appropriately named defendant. *Id.* at 530. After the Commission became functional, the Governor had no control over the Commission or the interpretation or administration of Amendment 41. At that

point, the Commission itself, or its members, were appropriate defendants in challenges involving the actions of that independent body.[1]

¶14    The circumstances presented by this case are quite different.  Here, we are faced with a lawsuit challenging the actions of an executive agency that is explicitly under the control of the Governor as the state's "supreme executive." Because the Governor "has final authority to order the executive directors of all state agencies to commence or cease any action on behalf of the state," *Sportsmen's Wildlife Def. Fund v. U.S. Dep't of Interior*, 949 F. Supp. 1510, 1515 (D. Colo. 1996), the Governor has appropriately been named as a defendant in this type of action on many occasions, *see, e.g.*, *Romer v. Bd. of Cnty. Comm'rs*, 897 P.2d 779, 781 (Colo. 1995) (Governor named in suit challenging Department of Social Services' interpretation of statute); *Dempsey v. Romer*, 825 P.2d 44 (Colo. 1992) (Governor named in suit challenging salary levels set by Department of Personnel director); *Urbish v. Lamm*, 761 P.2d 756 (Colo. 1988) (Governor named in suit challenging constitutionality of statute and Department of Social Services rule); *Colo. Ass'n of*

---

[1] Perhaps unsurprisingly, ever since members were appointed to the Commission, lawsuits challenging its actions have named the Commission and its members—but not the Governor—as defendants.  *See, e.g.*, *Gessler v. Smith*, 2018 CO 48, 419 P.3d 964 (Commission and members only); *Dunafon v. Krupa*, 2020 COA 149, 477 P.3d 785 (same); *Colo. Ethics Watch v. Indep. Ethics Comm'n*, 2016 CO 21, 369 P.3d 270 (Commission only).

*Pub. Emps. v. Lamm,* 677 P.2d 1350 (Colo. 1984) (Governor named in suit challenging constitutionality of certain provisions of State Personnel System Act); *Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980) (Governor named in suit challenging constitutionality of living conditions at state penitentiary). As these cases demonstrate, because he is the state's "supreme executive," with ultimate authority over the executive agencies under his control, the Governor is an appropriate defendant in an action that seeks to "enjoin or mandate enforcement of a statute, regulation, ordinance, or policy." *Developmental Pathways*, 178 P.3d at 529 (quoting *Ainscough*, 90 P.3d at 858).

¶15 None of the cases the Governor cites—in particular, a thirty-year-old opinion of a division of the court of appeals and two district court orders—convince us to abandon this precedent. Not only are those decisions not binding on this court, but each involved unique circumstances quite different from those presented here.

¶16 In *Lucchesi v. State*, 807 P.2d 1185, 1194 (Colo. App. 1990), the division affirmed the dismissal of a pro se plaintiff's complaint against the Governor in his official capacity because the Governor's "specific duties" would not be "affected" by a judicial declaration as to the constitutionality of a tax statute that was implemented by local tax officials. The government actions being challenged here

10

are not undertaken by local officials, but instead by employees of an executive agency subject to the Governor's authority.

¶17 And in both district court cases cited by the Governor, the plaintiffs *consented* to his dismissal where remaining defendants were adequate to protect their asserted interests. *See* Order Granting Stipulation for Dismissal of Defendant Governor Polis, *WildEarth Guardians v. Polis*, No. 20CV32320 (Denver Dist. Ct. Sept. 22, 2020); Order Dismissing Governor Jared Polis as a Party Defendant, *Turley Wine Co. v. Colo. Dep't of Revenue*, No. 20CV30505 (Denver Dist. Ct. June 23, 2020). The fact that some plaintiffs may choose not to name the Governor as a defendant does not mean that others are prohibited from doing so.[2]

¶18 Here, Plaintiffs are not interested in dropping the Governor from the face of their complaint. And they are not required to do so. The CDOC is an executive agency directly within the Governor's control. As such, the Governor remains one of the proper defendants for the claims asserted.

---

[2] We are not confronted with the question here whether the Governor is a necessary party who *must* be joined in an action. *See* C.R.C.P. 19(a). The only question presented by this dispute is whether Plaintiffs who choose to name the Governor, in his official capacity, as a defendant are permitted to do so.

## III. Conclusion

¶19 Our longstanding precedent confirms that the Governor, acting in his official capacity, may be included as a defendant in a suit to enjoin or mandate the enforcement of state law or to challenge the implementation of state law by executive agencies. Our decision in *Developmental Pathways* did not alter this basic principle. Accordingly, we discharge the rule to show cause.