2021 CO 67 Erica Murphy Brown and Steven Brown, In Re Plaintiffs: v. Shari L. Long Romero, R.N., C.N.M, R.X.N. and Denver Center for Birth and Wellness, LLC. Defendants No. 20SA429
Supreme Court of Colorado, En Banc
September 27, 2021

 Original Proceeding Pursuant to C.A.R. 21 Arapahoe County
 District Court Case No. 20CV31012 Honorable John L. Wheeler,
 Judge

 Attorneys for Plaintiffs: Leventhal Puga Braley P.C. James E.
 Puga Molly L. Greenblatt Alex R. Wilschke Bruce L. Braley
 Denver, Colorado

 Attorneys for Defendants: Wheeler Trigg O'Donnell LLP
Joseph A. Farchione Stephanie A. Reedy Theresa Wardon Benz
 Denver, Colorado

 Attorneys for Amicus Curiae Coloradans Protecting Patient
 Access: Messner Reeves LLP Kendra N. Beckwith Darren D.
 Alberti Denver, Colorado

 Attorneys for Amicus Curiae Colorado Defense Lawyers
 Association: American Family Insurance Legal Group Dylan
 Lewis Englewood, Colorado Ruebel & Quillen LLC Jeffrey
 Clay Ruebel Westminster, Colorado

 Attorneys for Amicus Curiae Colorado Trial Lawyers
 Association: Burg Simpson Eldredge Hersh & Jardine, P.C.
Nelson Boyle Englewood, Colorado McDermott Law, LLC Timothy
 M. Garvey Denver, Colorado

 OPINION

 BOATRIGHT, CHIEF JUSTICE

 ¶1
 In Ferrer v. Okbamicael, 2017 CO 14M, ¶ 19, 390
 P.3d 836, 841-42, we adopted the Missouri Supreme Court's
 rule from McHaffie v. Bunch, 891 S.W.2d 822 (Mo.
1995), and held that "where an employer acknowledges
 vicarious liability for its employee's negligence, a
 plaintiff's direct negligence claims against the employer
 are barred." This case asks whether the
 "McHaffie Rule" applies even where the
 plaintiff chooses not to assert vicarious liability
 for an employee's negligence and, instead, asserts
 only direct negligence claims against the employer.

 ¶2
 Here, Erica Murphy Brown and Steven Brown (collectively,
 "Brown") sued Denver Center for Birth and Wellness
 ("DCBW") for negligence and negligent hiring. Brown
 also sued Shari L. Long Romero, a DCBW employee and certified
 nurse-midwife, for wrongful death. The suit arose from the
 death of Brown's child during labor at DCBW. After
 acknowledging vicarious liability[1] for Long Romero's
 negligence-by admitting, in its Answer, that Long
 Romero's alleged acts and omissions occurred within the
 course and scope of her employment-DCBW moved for partial
 judgment on the pleadings under C.R.C.P. 12(c) on Brown's
 negligent hiring claim.

 ¶3
The trial court, citing the McHaffie Rule, granted
 DCBW's motion and dismissed Brown's negligent hiring
 claim-even though Brown had chosen not to assert vicarious
 liability for Long Romero's negligence. Brown filed a
 C.A.R. 21 petition, and we issued a rule to show cause.

 ¶4
We now hold that a plaintiff's direct negligence claims
 against an employer are not barred where the plaintiff does
 not assert vicarious liability for an employee's
 negligence. See Ferrer, ¶ 31 n.11, 390 P.3d at
 845 n.11 ("Nothing in this opinion precludes a plaintiff
 from bringing only direct negligence claims against the
 employer . . . .").[2] Thus, the trial court erred in granting
 DCBW's motion for partial judgment on the pleadings and
 dismissing Brown's negligent hiring claim.

 ¶5
 Accordingly, we make the rule to show cause absolute, vacate
 the trial court's grant of partial judgment on the
 pleadings, and remand with directions to reinstate
 Brown's negligent hiring claim.

 I.
Facts and Procedural History

 ¶6
 When the time came for Brown to give birth, she went to
 DCBW-a "birth center" that, under Colorado law, may
 provide care to expectant mothers with low-risk pregnancies
 and their newborn infants. Dep't of Pub. Health and
 Env't, 6 Colo. Code Regs. 1011-1:22.2.1, 2.6 (2021).
Tragically, Brown's child died during labor at DCBW.
Brown sued, alleging essentially that DCBW and Long Romero
 failed to appropriately monitor Brown, recognize signs and
 symptoms of fetal distress, provide appropriate emergency
 care, and initiate transfer to a hospital or higher level of
 care when necessary. According to Brown, DCBW and Long
 Romero's negligence ultimately caused the death of her
 child.

 ¶7
 These allegations take the form of three separate and
 distinct claims: First, Brown asserts a wrongful death claim
 against Long Romero for deviating from the standard of care
 expected of certified nurse-midwives. Importantly, Brown does
 not assert vicarious liability against DCBW on this claim.
Second, Brown asserts a negligence claim against DCBW for
 failure to ensure that its employees had adequate training
 and experience.

 ¶8
 The present dispute revolves around the third claim. There,
 Brown asserts a negligent hiring claim against DCBW. In
 short, Brown alleges that Long Romero had an extensive,
 documented history of disciplinary proceedings and orders, in
 Colorado and elsewhere, for violations of nursing practice
 standards, deceit, and alcohol and substance abuse. In
 Brown's view, DCBW either knew or should have known this
 information and, therefore, acted negligently in hiring Long
 Romero as a certified nurse-midwife.

 ¶9
 In its Answer, DCBW acknowledged vicarious liability by
 admitting that "at all relevant times when Dr. Long
 Romero provided treatment to plaintiff Erica Brown at DCBW,
 Dr. Long Romero was an employee of DCBW and was acting within
 the course and scope of her employment at DCBW." Then,
 based on this admission and our decision in Ferrer,
 DCBW moved for partial judgment on the pleadings under
 C.R.C.P. 12(c) on Brown's negligent hiring claim.

 ¶10
 In its Order, the trial court noted that, "[f]or all
 intents and purposes," the "factual circumstances
 in this case and Ferrer (and McHaffie) are
 identical." The court specifically found, however, that
 unlike in Ferrer and McHaffie, Brown did
 not assert vicarious liability against
 DCBW-"plaintiffs state no claim for
 respondeat superior[3] liability against
 DCBW." Thus, the court framed the question as
 "whether . . . direct 'imputed' liability claims
 are barred in the absence of a respondeat
 superior liability claim when the employer unilaterally
 and voluntarily admits to respondeat
 superior liability."

 ¶11
 In considering the question, the court found "sufficient
 grounds stated in the [Colorado] Supreme Court's analysis
 in Ferrer to extend the express ruling in
 that case . . . to include the factual circumstance
 where the employer unilaterally admits vicarious liability
 for an employee's negligent actions without a
 specific respondeat superior claim pleaded by the
 plaintiff." As a result, the court, citing the
 McHaffie Rule, granted DCBW's motion and
 dismissed Brown's negligent hiring claim.

 ¶12
 Brown filed a C.A.R. 21 petition, and we issued a rule to
 show cause. We now explain our decision to exercise original
 jurisdiction.

 II.
Original Jurisdiction

 ¶13
We exercise original jurisdiction and grant relief under
 C.A.R. 21 only when "no other adequate remedy . . . is
 available." C.A.R. 21(a)(1). We deem such relief
 appropriate, for example, "when an appellate remedy
 would be inadequate, when a party may otherwise suffer
 irreparable harm, [or] when a petition raises issues of
 significant public importance that we have not yet
 considered." People v. Huckabay, 2020 CO 42,
 ¶ 9, 463 P.3d 283, 285 (alteration in original) (quoting
People v. Kilgore, 2020 CO 6, ¶ 8, 455 P.3d
 746, 748). Indeed, C.A.R. 21 provides relief that is
 "extraordinary in nature" and "wholly within
 [this court's] discretion." C.A.R. 21(a)(1).

 ¶14
 In granting the petition, we concluded that the issue in this
 case-namely, whether the McHaffie Rule applies even
 where the plaintiff chooses not to assert vicarious liability
 for an employee's negligence and, instead, asserts only
 direct negligence claims against the employer-constitutes a
 question of significant public importance. In light of the
 considerable number of cases involving vicarious liability or
 direct negligence claims, we viewed the issue as one highly
 likely to recur and, therefore, in need of resolution.
¶15 We now consider the petition on its merits.

 III.
Analysis

 ¶16
We first determine that a de novo standard of review applies.
Then, we review the Missouri Supreme Court's decision in
 McHaffie as well as our decision in Ferrer
 and hold that a plaintiff's direct negligence claims
 against an employer are not barred where the plaintiff does
 not assert vicarious liability for an employee's
 negligence. We ultimately conclude, applying that holding to
 the facts of this case, that the McHaffie Rule does
 not apply here. Thus, the trial court erred in granting
 DCBW's motion for partial judgment on the pleadings and
 dismissing Brown's negligent hiring claim. Accordingly,
 we make the rule to show cause absolute, vacate the trial
 court's grant of partial judgment on the pleadings, and
 remand with directions to reinstate Brown's negligent
 hiring claim.

 A.
De Novo Standard of Review

 ¶17
 Whether a court properly granted a motion for judgment on the
 pleadings under C.R.C.P. 12(c) presents a question of law
 that we review de novo. In re Estate of Ramstetter,
 2016 COA 81, ¶ 13, 411 P.3d 1043, 1046. In considering
 such a motion, a court "must construe the allegations of
 the pleadings strictly against the movant, must consider the
 allegations of the opposing parties' pleadings as true,
 and should not grant the motion unless the pleadings
 themselves show that the matter can be determined on the
 pleadings." Melat, Pressman & Higbie, L.L.P. v.
 Hannon L. Firm, L.L.C., 2012 CO 61, ¶ 17, 287 P.3d
 842, 847 (quoting Conn. Gen. Life Ins. Co. v. A.A.A.
 Waterproofing, Inc., 911 P.2d 684, 687 (Colo.App. 1995),
 aff'd sub nom. Const. Assocs. v. N.H. Ins. Co.,
 930 P.2d 556 (Colo. 1996)).

 ¶18
We now review the Missouri Supreme Court's decision in
 McHaffie and our decision in Ferrer.

 B.
 McHaffie, Ferrer, Footnote 11, and the
 Requirement That a Plaintiff Assert Vicarious
 Liability

 ¶19
 In McHaffie, the plaintiff sustained injuries when
 the intoxicated driver of the car in which she was a
 passenger veered across the median of a freeway, hit a
 guardrail, and slammed into an oncoming truck. 891 S.W.2d at
 824. The plaintiff sued, among others, the driver of the
 truck and the operator-lessee of the truck. Id. With
 respect to the driver of the truck, the plaintiff asserted a
 negligence claim. Id. With respect to the
 operator-lessee, the plaintiff asserted direct negligence
 claims (specifically negligent hiring and supervision) and a
 vicarious liability claim. Id. at 824-25.

 ¶20
 The operator-lessee acknowledged vicarious liability by
 admitting that the driver of the truck qualified as an
 employee and was acting within the course and scope of his
 employment at the time of the collision. Id. at 824.
At trial, the plaintiff nevertheless presented evidence that
 the operator-lessee did not require the driver of the truck
 to have sufficient experience, training, testing, and medical
 evaluations. Id. After the jury found the driver of
 the truck and the operator-lessee partially liable and
 apportioned fault, they appealed, arguing that the trial
 court should not have allowed the plaintiff to assert both
 vicarious liability and direct negligence claims. See
id. at 825.

 ¶21
 The Missouri Supreme Court agreed, holding that "once an
 employer has admitted respondeat superior liability
 for a driver's negligence, it is improper to allow a
 plaintiff to proceed against the employer on any other theory
 of imputed liability." Id. at 826; see also
id. at 827 ("The Court concludes that once the
 agency relationship was admitted, it was error to permit a
 separate assessment of fault to [the operator-lessee] based
 upon the 'negligent entrustment' or 'negligent
 hiring' theories of liability. It was also error to admit
 evidence on those theories."). The court reasoned that
 both vicarious liability and direct negligence claims seek to
 attach liability for an employee's negligence to his or
 her employer, and therefore, when the employer admits
 vicarious liability, evidence supporting direct negligence
 claims proves redundant and unnecessary. See id. at
 826-27. Accordingly, the court reversed and remanded for a
 new trial on the apportionment of fault. Id. at 832.

 ¶22
We faced the same issue in Ferrer. There, the
 plaintiff sustained injuries when a taxi struck her while she
 crossed the street. Ferrer, ¶ 2, 390 P.3d at
 839. The plaintiff sued both the taxi driver and the taxi
 company. Id. With respect to the taxi driver, the
 plaintiff asserted a negligence claim. Id. With
 respect to the company, the plaintiff asserted direct
 negligence claims (specifically negligence as a common
 carrier as well as negligent hiring, training, entrustment,
 and supervision) and a vicarious liability claim.
Id.

 ¶23
 In its amended answer, the taxi company acknowledged
 vicarious liability by admitting that the taxi driver
 qualified as an employee and was acting within the course and
 scope of his employment at the time of the collision.
Id. at ¶ 3, 390 P.3d at 839. Then, the taxi
 company moved for partial judgment on the pleadings on the
 plaintiff's direct negligence claims. Id. The
 trial court granted the taxi company's motion and
 dismissed the plaintiff's direct negligence claims.
Id. The plaintiff sought our original jurisdiction,
 and we issued a rule to show cause. Id. at ¶ 6,
 390 P.3d at 840.

 ¶24
We ultimately affirmed the trial court's grant of the
 taxi company's motion and discharged the rule. See
id. at ¶ 58, 390 P.3d at 850. In so doing, we
 adopted the Missouri Supreme Court's rule from
 McHaffie and held that "where an employer
 acknowledges vicarious liability for its employee's
 negligence, a plaintiff's direct negligence claims
 against the employer are barred." Id. at ¶
 19, 390 P.3d at 841-42. In our analysis, we expressed concern
 that evidence supporting direct negligence claims-in
 Ferrer, negligence as a common carrier as well as
 negligent hiring, training, entrustment, and
 supervision-would prove unfairly prejudicial to the employee,
 especially where the employer had already acknowledged
 vicarious liability for the employee's negligence.
Id. at ¶ 32, 390 P.3d at 845.

 ¶25
 To clarify the scope of our holding, we included footnote 11,
 which explains that the McHaffie Rule does not apply
 in cases where the plaintiff chooses not to assert vicarious
 liability for an employee's negligence and, instead,
 asserts only direct negligence claims against the employer:

Nothing in this opinion precludes a plaintiff from
 bringing only direct negligence claims against the
 employer . . . . We hold only that if a plaintiff
also alleges that the employer is vicariously liable
 for the negligence of its employee and the employer
 thereafter concedes vicarious liability for its
 employee's negligence, then the plaintiff's
 additional, direct negligence claims against the employer
 must be dismissed.

Id. at ¶ 31 n.11, 390 P.3d at 845 n.11 (first
 emphasis added).

 ¶26
 In this case, the trial court quoted footnote 11 and
 correctly characterized it as "draw[ing] a 'bright
 line' under the factual and procedural circumstances
 through which these imputed or 'direct' liability
 claims against an employer are barred." Indeed, the
 trial court explained that "[i]f footnote 11 controls,
 the [Colorado] Supreme Court's bar on direct
 'imputed' claims does not apply if a
 respondeat superior claim is not pleaded."
Nevertheless, the trial court granted DCBW's motion for
 partial judgment on the pleadings and dismissed Brown's
 negligent hiring claim, reasoning that allowing such a claim
 to go forward could prove unfairly prejudicial
 "regardless of whether the employer's admission was
 through the plaintiff's respondeat superior
 claim, as in Ferrer, or through a unilateral
 admission, as with DCBW."

 ¶27
 This was error. Although our general holding in
 Ferrer-that "where an employer acknowledges
 vicarious liability for its employee's negligence, a
 plaintiff's direct negligence claims against the employer
 are barred," ¶ 19, 390 P.3d at 841-42-might not
 explicitly state that the McHaffie Rule only applies
 where the plaintiff asserts vicarious liability, a thorough
 reading of the case makes that requirement plain.

 ¶28
 First, in both Ferrer and McHaffie, the
 plaintiff did assert vicarious liability, so we did
 not need to address the opposite scenario. See
 Ferrer, ¶ 8, 390 P.3d at 840; McHaffie,
 891 S.W.2d at 824. Yet we still attempted to clarify, in
 footnote 11, that "[n]othing in this opinion precludes a
 plaintiff from bringing only direct negligence
 claims against the employer." Ferrer, ¶ 31
 n.11, 390 P.3d at 845 n.11 (emphasis added). Second, our
 decision in Ferrer relied primarily on the fact that
 vicarious liability and direct negligence claims prove
 redundant because they both "effectively impute the
 employee's liability for his negligent conduct to the
 employer." ¶ 28, 390 P.3d at 844. With both
 theories, "one element of imposing liability on the
 employer is a finding of some level of culpability by the
 employee in causing injury to a third party."
Id. at ¶ 30, 390 P.3d at 845 (quoting
McHaffie, 891 S.W.2d at 825). We thus concluded
 that, given the taxi company's acknowledgment of
 vicarious liability, the plaintiff's direct negligence
 claims- "likewise seeking to attach liability
 to [the taxi company]"-proved "duplicative and
 unnecessary." Id. at ¶ 50, 390 P.3d at 849
(emphasis added). Where a plaintiff does not assert
 vicarious liability, however, this logic vaporizes because
 the direct negligence claims alone seek to attach
 liability to the employer and do not prove redundant.

 ¶29
 Therefore, we hold that a plaintiff's direct negligence
 claims against an employer are not barred where the plaintiff
 does not assert vicarious liability for an employee's
 negligence. See id. at ¶ 31 n.11, 390 P.3d at
 845 n.11 ("Nothing in this opinion precludes a plaintiff
 from bringing only direct negligence claims against the
 employer . . . ."). A plaintiff may bring direct
 negligence claims against an employer if she does not assert
 vicarious lability for an employee's
 negligence-regardless of whether the employer acknowledges
 vicarious liability for the employee's negligence. We now
 apply that holding to the facts of this case.

 C.
The McHaffie Rule Does Not Apply Here

 ¶30
 Here, the trial court specifically found that
 "plaintiffs state no claim for respondeat
 superior liability against DCBW." Therefore,
 because Brown didn't assert vicarious liability against
 DCBW for Long Romero's negligence, the McHaffie
 Rule does not apply. Accordingly, the trial court erred in
 granting DCBW's motion for partial judgment on the
 pleadings and dismissing Brown's negligent hiring claim.

 IV.
Conclusion

 ¶31
 For the foregoing reasons, we make the rule to show cause
 absolute, vacate the trial court's grant of partial
 judgment on the pleadings, and remand with directions to
 reinstate Brown's claim against DCBW for negligent
 hiring.

---------

Notes:

[1] At several points in this opinion, we
 use the phrase "acknowledge vicarious liability" as
 shorthand for an employer's acknowledgement that the
 alleged tortfeasor qualified as an employee as well as acted
 within the course and scope of employment at the time of the
 alleged acts and omissions. The employer's
 acknowledgement does not constitute an admission that the
 employee, in fact, acted negligently.

[2] At the conclusion of the most recent
 legislative session, and shortly before oral arguments in
 this case, the General Assembly added language to section
 13-21-111.5, C.R.S. (2020), to "reverse the holding in
 Ferrer v. Okbamicael, 390 P.3d 836 (Colo. 2017),
 that an employer's admission of vicarious liability for
 any negligence of its employees bars a plaintiff's direct
 negligence claims against the employer." Ch. 147, sec.
 1, § 13-21-111.5(1.5)(c), 2021 Colo. Sess. Laws
 863.

In abrogating Ferrer, the General Assembly
 repealed the McHaffie Rule and allowed plaintiffs to
 simultaneously assert vicarious liability and direct
 negligence claims against an employer. Although we issue this
 opinion to vacate the trial court's grant of partial
 judgment on the pleadings, as a result of the General
 Assembly's action, we do not address or express any
 opinion on the parties and amici's broader arguments
 about the proper scope of the now-repealed McHaffie
 Rule and related issues.

[3] The trial court used "respondeat
 superior" to refer to the doctrine we call
 "vicarious liability." See Ferrer, ¶
 20 n.4, 390 P.3d at 842 n.4 ("The doctrine of respondeat
 superior rests on the theory that an employee acting within
 the scope of his employment acts on behalf of an employer. In
 such circumstances, the employer is vicariously liable for
 the employee's negligent acts.").

---------